BARNES *v.* DAVIS *et al.*

An action of trespass *quare clausum fregit*, so relates to real property, as to authorize the prosecution of the suit in the county where the realty is situate, even though the defendant may reside in a different county.

*Appeal from the Iowa District Court.*

THIS suit was instituted in Iowa county. The petition contains two counts: one for breaking and entering the *dwelling-house* of the plaintiff, *situate* in Iowa county; and one for trespass to his person. The defendants reside in Johnson county, and on their motion, the venue was changed

to that county, and damages awarded to the defendants for attending in the wrong county. From this ruling the plaintiff appeals, and assigns the change of venue as error.

*W. Penn. Clarke*, for the appellant.

Although the petition in this case embraces two causes of action, the only question presented is, was the case, with reference to either, properly brought in Iowa county, the defendants residing in another and different county; for if the action had to be brought in Iowa county, as to either cause of action, the motion was improperly sustained. The first cause of action—that embraced in the first count of the petition—was for a trespass to real estate—trespass *quare clausum fregit*—and that action *must be brought in the county where the realty is situate.*

1. At common law, the action of trespass *quare clausum fregit*, is local, and must be brought in the county where the trespass was committed. 4 Bouvier's Institutes, 34; 2 Stark on Evidence, 802; 1 Chitty on Plead. 298. In *Livingston* v. *Jefferson*, 4 Hall's Am. Law Jour. cited in 9 Bacon's Abridg. 501, it was decided, that a circuit court of the United States, cannot take cognizance of an action of trespass *quare clausum fregit* committed on lands within the United States, and out of the district in which the court is held. See also, *Champion* v. *Doughty*, 3 Harrison, 3; and *Haim* v. *Rogers*, 6 Blackf. 559, where the very point is decided. Aside from these authorities, our own Supreme Court have decided the question. *Chapman* v. *Morgan*, 2 Greene, 374.

2. The Code does not change the common law, upon this subject. Section 1701 of the Code provides, that "except where otherwise provided, *personal* actions must be brought in a county wherein some of the defendants actually reside." If this provision stood alone, it would be against us, as trespass *quare clausum fregit* is classed among personal actions; but a succeeding section (1703) of the same chapter, provides, that "in cases of attachment of property, when the defend-

ant is not served, or cases where the suit is brought to obtain possession of personal property, or to enforce a lien or mortgage, *or where it relates to real property*, it may be brought in any county where the real property, or any portion of it, lies," &c.   This leaves the matter where it stood at common law.   The suit, then, was properly brought in Iowa county, and the court erred in ordering the change of venue on the grounds stated in the motion.

*Rush Clark* and *J. D. Templin*, for the appellees.

The appellant claims that this is a *local* action.   The distinction of *local* and *transitory*, as applied to civil actions, is abolished by the Code.   Local actions, at common law, were such as had to be tried in the place where the cause of action arose.   No action can be said to be strictly *local*, under the system of practice instituted by the Code, since, in any civil action a change of venue may be granted on proper showing.   Code, chap. 102.   Many of the rules of practice, and the reasons which gave rise to the distinction, are now obsolete, and there are now no reasons why actions should be tried in the particular county where the cause of action arose, except in those cases—the fewest number—when particular property is affected by the suit or concerned therein, or is the subject matter of the action.   It is certainly reasonable, that such proceedings as actions to try the right to property for mechanic's lien, foreclosure of a mortgage, or partition of lands, where particular property is the object of the suit, should, for the sake of facility and the speedy acquisition of justice, be brought and tried in the county where the property is situate.   But we can conceive of no reason why actions, which were denominated *local* under the old practice, should be held to be so now, for the purposes of trial or adjudication.

The venue, so far as necessary to be laid, is provided for in chapter 101 of the Code.   The Code favors that locality which embraces the residence of the defendants, or some of them, giving the plaintiff a choice of venue only in those cases

where the proceeding is partially or wholly a proceeding *in rem*, or "*relates to real property.*" As trespass is a *personal action*, it remains only to be decided, whether the "suit brought by the plaintiff relates to real property." The appellant argues that this action "was for a trespass to real estate, trespass *quare*, &c." The code abolishes all technical forms of actions and pleadings, and, therefore, knows no such action as "trespass *quare*, &c." Every suit becomes a particular form of action in itself; and it will depend entirely upon the statement of facts, presented by a petition, whether the suit "relates to real property" or not. Under our practice, one suit may relate to real property, while another does not, although both might be subjects of the same form of action at common law. Unless the petition here, or the first count thereof, affects particular property, so that the property forms part, or the whole substance, of the issue to be tried, the suit cannot concern the property, nor be said to relate to the property.

There is not such a designation of particular property in this petition, as makes the suit *relate* to property. This petition is certainly sufficient for the purposes intended; but, surely, no issue could be taken here, which would try the title to property. In an action of trespass, "in describing the premises, the close or place, in which, &c., must be designated in the declaration by name, or abuttals, or other description." *Archbold's Nisi Prius*, 420. "*The dwelling-house of the said plaintiff, situate in Iowa township, in Iowa county,*" is not such a description of realty as would be requisite for legal proceedings. No issue could be taken upon the identity of property, by that description; and we think it would be the same, for the purposes of the suit brought in this petition, whether that dwelling-house proved on the trial, to be in the county mentioned or another. The property could not become a material issue, except as to the injury complained of. Although there are two causes of actions set up, there is no doubt, by a fair and natural construction, that the statement of facts refer to one entire act —the "breaking and entering the dwelling," for the purposes

of search, and the imprisonment. A house is sometimes personal property, although a part of the realty in ordinary legal acceptation. The land includes the house on it, but the house does not include the land beneath and around it. And "the dwelling-house of the said plaintiff," as set out in this petition, may refer to any one of three or four houses belonging to the plaintiff, and situated in the same township. Under the system lately adopted in New York, such actions as were formerly denominated *real* and *mixed*, are classed as actions "*relating to real estate*," and under the name of *personal*, those which might be brought for the recovery of any debt or demand, or *for the recovery of damages only*. 1 Monell's Practice, 283.

We think, therefore, that the suit brought by the plaintiff, does not *relate to real property ;* no more than an action for rent of a farm, or any other action, arising out of the property, but in no way affecting it, and in which the real property is not concerned in the issues to be tried. We think there is no doubt but that this suit might have been properly brought in Johnson county; and since there appears of record an original notice issued to Iowa county, and returned not found, we presume the suit was brought in Iowa county, under a mistaken supposition that some of the defendants were residents of that county. We submit, therefore, whether a suit brought for an injury done by entering the dwelling-house of another, and for false imprisonment, is such a suit as comes within the meaning and spirit of section 1703 of the Code, and in the language of that section, "*relates to real property.*"

ISBELL, J.—Should the venue have been changed? Section 1703 of the Code provides, that where the action "relates to real property," it may be brought in the county where the real property lies. The language of the petition, charging that the defendants, "with force and arms, at the county of Iowa, broke and entered a certain dwelling-house of the said plaintiff, situate and being in the township of

Iowa, in the county of Iowa," and also charging the break-
ing of "five doors, belonging to the said dwelling-house,"
&c., clearly implies a trespass upon real property. Issue
might have been taken upon the title. We hold, therefore,
that the suit so related to real property, as to justify its prose-
cution in Iowa county, so far as relates to the trespass by
breaking and entering the dwelling. As to the residue of
the charge, no question is raised that demands our consid-
eration.

The judgment of the District Court is, therefore, reversed,
and cause remanded.