ROBERT MARSHALL, APPELLANT, *v.* SUSAN G. BEALL, DEFENDANT.

Where a husband and wife, in order to carry out an ante-nuptial agreement, conveyed personal property to a trustee, with directions to hold a part of it for the sole and separate use of the wife, with a power to the wife to alien or devise it, such part goes, if she dies intestate, to her next of kin, free of all claim on the part of the husband.

But where a legacy was left to a trustee for the benefit of the wife, and the trustee was directed " to let the wife have some part or parcel of the money, occasionally, as she may stand in need, to be paid out to her at the discretion of the trustee," this fund goes to the husband at the wife's death, by the laws of Maryland.

THIS was an appeal from the Circuit Court of the United States for the District of Columbia, holden in and for the county of Washington.

In February, 1820, Robert Marshall and Ann Berry, being about to be married, executed the following contract, which was duly recorded.

" Whereas Robert Marshall and Ann Berry, both of Prince George's county, State of Maryland, are about to intermarry, *its thereof* agreed by the *parties,* before the marriage, that the said Ann Berry shall hold in herself all her right, title, and interest to the following funds of her own; viz. one hundred and fifty shares of stock in the Patriotic Bank, of which ten dollars have been paid, which stock stands to the credit of Ann Berry; also, one hundred and thirty-seven shares of the stock in the Central Bank of Georgetown and Washington, upon which eleven dollars per share have been paid; and three thousand five hundred dollars in the bonds of Charles Glover.

" Given under our hands and seals, this 17th day of February, 1820.

" ROBT. MARSHALL, [SEAL.]
ANN BERRY. [SEAL.]

" Witness : JANE H. T. DORSETT."

Soon after this, the marriage was solemnized.

On the 27th of August, 1823, Marshall and wife executed a deed to Susan G. Beall, which appeared to be unsatisfactory, and to have no influence upon the decision of the case.

On the 1st of May, 1824, Marshall and wife made another deed to Susan G. Beall, who was the sister of Mrs. Marshall, as follows : —

" This indenture, made this first day of May, in the year of our Lord one thousand eight hundred and twenty-four, between Robert Marshall and Ann Marshall his wife, late Ann Berry, of Prince George's county, in the State of Maryland, of the first part, and Susan G. Beall, of Washington county, in the District of Columbia, of the other part. Whereas, by

Marshall v. Beall.

an agreement entered into between Robert Marshall and Ann Marshall, late Ann Berry, dated the 17th day of February, in the year of our Lord one thousand eight hundred and twenty, and previous to the marriage of the said Robert Marshall and Ann Marshall, it was agreed by and between the said parties, that the said Ann Marshall should have and possess, in her own right, the following funds for her own property, to wit: one hundred and fifty shares of stock in the Patriotic Bank, upon which ten dollars per share had been paid; also, one hundred and thirty-seven shares of stock in the Central Bank of Georgetown and Washington, upon which eleven dollars per share had been paid, and three thousand five hundred dollars due to the said Ann Marshall, then Ann Berry, by Charles Glover, and which was secured by a mortgage of a tract of land, formerly sold by the said Ann Berry to the said Charles Glover, all which stocks and debts belonged to the said Ann Berry previous to the said marriage, besides considerable other real and personal property; and whereas the said Robert Marshall did, at the same time, agree to make any other or further instrument of conveyance which might be considered necessary fully to assure and convey the said stock and debts above mentioned to the sole and separate use of the said Ann Berry, her heirs and assigns, free and clear from any debts, control, demands, or encumbrances of the said Robert Marshall; and whereas the said bank stock has been sold by the mutual consent and agreement of the said Robert Marshall and Ann Marshall; and whereas judgment has been obtained against the said Charles Glover for two thousand dollars, part of the said three thousand five hundred dollars, with interest and costs, in the name of the said Robert Marshall, and on which execution hath been issued against the property of said Charles Glover, and one other judgment for fifteen hundred dollars, with interest and costs, being the remaining part of the said three thousand five hundred dollars, due by said Charles Glover; and whereas the said Robert Marshall and Ann Marshall have agreed further to dispose of and settle the judgments above mentioned, and the tract of land hereinafter mentioned, by a more full, complete, and formal instrument of writing than the marriage agreement above mentioned, according to the terms, stipulations, and conditions of the present instrument of writing. Now, this indenture witnesseth, that for and in consideration of the premises, and for the more fully, completely, and perfectly carrying into effect the marriage contract between said parties, and for the further consideration of five dollars, to them in hand paid by the said Susan G. Beall, the receipt whereof is hereby acknowledged, and for divers other good

causes and considerations, them thereunto moving, the said Robert and Ann Marshall have given, granted, bargained, sold, released, and assigned, and by these presents do give, grant, bargain, sell, release, and assign, to the said Susan G. Beall, her heirs, executors, administrators, and assigns, the following tract, piece, or parcel of land, situate, lying, and being in Prince George's county aforesaid, on which the said Robert and Ann Marshall at present reside, being lot number four in the division of the estate of William D. Berry, and containing about fifty acres of land, more or less, for and during the joint lives of the said Robert and Ann Marshall, and the survivor of them; likewise the two judgments above particularly recited, against Charles Glover; to have and to hold the said tract of land above mentioned and described for and during the lives of the said Robert and Ann Marshall, and the survivor of them, and the said two judgments against the said Charles Glover, to the said Susan G. Beall, her heirs, executors, administrators, and assigns; in trust, nevertheless, and to and for the following uses, intents, and purposes, to wit : in trust to hold the above-mentioned and described tract of land for the use of the said Robert and Ann Marshall, during their joint lives; and if the said Robert Marshall shall survive the said Ann Marshall, for the use of the said Robert Marshall during his life and no longer, upon the express agreement and understanding that the said tract of land is not to be subject, or liable for the debts, contracts, or engagements of the said Robert Marshall, and in further trust that the said Robert Marshall shall have and receive the said judgment of two thousand dollars, with interest and costs, against the said Charles Glover, to his sole and *separate* use, free and clear of the marriage contract above mentioned, and of all *separate* claim of the said Ann Marshall, and his receipt shall be good and sufficient acquittance and discharge of said judgments ; and in further trust, that the said Susan G. Beall shall hold the said judgment of fifteen hundred dollars, with interest and costs, for the sole and *separate* use of the said Ann Marshall, her executors, administrators, and assigns, free and clear from any control or demand of the said Robert Marshall, or of his creditors, debts, or engagements ; and upon the payment of the said judgment, or any part thereof, to invest the said money in stock, or to loan the same on interest, with the approbation of the said Ann Marshall, for the like sole and *separate* use of the said Ann Marshall; and in further trust, that the said Ann Marshall, during the life of her husband, may dispose of said judgment, or the proceeds thereof, and of her right, interest, and estate in the said tract of land, after the death of the said Robert Mar-

shall, either by her last [will] and testament, or by any instrument of writing, under her hand and seal, in the presence of two witnesses, during her coverture, in the same manner as if she were single. It is further understood and agreed, that said Robert Marshall is to pay and satisfy the judgment of Hodges and Lee against them ; and the claim of Mr. McDaniel's estate, if judgment should be recovered; and all fees, costs, and expenses in prosecuting and recovering the two judgments against Charles Glover, and all legal expenses of the judgment assigned to him.

"In testimony whereof, the said parties have hereunto set their hands and seals, the day and year first above written.

"ROBERT MARSHALL, [SEAL.]<br>
ANN MARSHALL, [SEAL.]<br>
SUSAN G. BEALL. [SEAL.]"

In November, 1825, there was paid to the trustee, on account of the judgment for $ 1500 reserved as above for the separate use of Ann Marshall, the sum of $ 1960.66.

In May, 1832, Ann T. Beall, the mother of Ann Marshall, died. By her will, she gave the following legacy to her daughter : —

"I give and bequeathe to my daughter, Ann Marshall, the sum of four hundred dollars, and hereby appoint my daughter, Susan G. Beall, her trustee, to hold and retain the whole amount in her hands, and let the said Ann Marshall, wife of Robert Marshall, have some part or parcel of the money occasionally, as she may stand in need, but to be paid out to her at the discretion of my trustee, Susan G. Beall."

During the lifetime of Ann Marshall, Susan G. Beall, the trustee, loaned the sum of $ 400 to Amelia T. Dorsett, a third sister, out of the trust fund.

In July, 1833, Ann Marshall, the wife, died, never having disposed of the trust property belonging to her and in the hands of the trustee, in the manner provided for in the deed carrying out the marriage articles.

After her death, her surviving husband, Robert Marshall, sued Amelia T. Dorsett, to recover the four hundred dollars loaned to her by the trustee, as above recited, and obtained a judgment.

In April, 1835, Robert Marshall also filed a bill on the equity side of the court against Susan G. Beall, the trustee, in which he recited the facts as above set forth, averred that the trust fund, with the profits and interest, became vested in him by the death of his wife, and prayed an account by the trustee, with an injunction, &c.

In April, 1836, Susan G. Beall, the trustee, filed her answer, admitting the facts stated in the bill, but denying that the complainant had any right to the trust fund.

To this answer the complainant filed a general replication.

In November, 1836, Amelia T. Dorsett filed a bill of interpleader, averring substantially the same facts and exhibiting the same documents as had been stated and produced by complainant; alleging that the provision in the deed referred to, that the real estate was to be conveyed to complainant if he survived his wife, was null and void, and inoperative against the legal representatives or heirs of said Ann; averring that the said Ann died intestate in July, 1833, without children, and leaving the complainant and another sister, Susan G. Beall, living, and three children of a deceased sister; that they were the only heirs of said Ann, and entitled to the trust property.

That during the lifetime of said Ann, the complainant, with her consent, borrowed of the trustee $400, part of said trust fund, and gave her note therefor; that, since her death, Marshall had brought suit for the recovery of this money, as surviving husband of said Ann, and by the judgment of the court had obtained judgment for the same; but denied his right to the money, asserting that she, as next of kin of her deceased sister, was entitled to letters of administration on the estate, and if said Marshall had obtained any, they should be revoked.

The bill prayed that the children of her deceased sister may be made parties to the original suit, in which Marshall was complainant; that this bill of interpleader may be filed in said suit; that the said parties may be required to interplead; that the judgment against her may be enjoined, the trust property adjudged to the heirs of said Ann, and the said Marshall be perpetually enjoined, &c., &c.

To this bill the defendants filed the following demurrer: —

### Demurrer to Bill of Interpleader.

Whereupon the defendants, by their solicitors, Coxe & Carlisle, filed the following demurrer to the foregoing bill of interpleader:

The demurrer of Robert Marshall and Richard H. Marshall, jointly and severally, to the bill of interpleader of Amelia T. Dorsett.

The defendants, by protestation, not confessing or acknowledging all or any of the matters and things in the said complainant's bill of interpleader contained to be true in such manner and form as the same are therein set forth and alleged, do demur to the said bill; and for cause of demurrer show,

that the said complainant hath not in her said bill of inter-
pleader made such a case as entitles her, in a court of equity,
to any relief against these defendants, or either of them, as to
the matters contained in said bill of interpleader.

And for further cause of demurrer these defendants show,
that although the said complainant's bill is avowedly, and on
the face thereof, a bill of interpleader, yet the said complainant
doth herself claim an interest in the subject-matter in dispute
between the various parties named in the said bill of inter-
pleader.

And for further cause of demurrer the defendants show, that
the said complainant, although she admits in and by her said
bill of interpleader that the subject-matter in dispute, or a por-
tion thereof, is money loaned to, and justly due by, the said
complainant to the person who shall be adjudged entitled to
the specific fund out of which the said loan was made, yet no-
where in the said bill of interpleader does the said complain-
ant offer to bring the said money so loaned into court. Nor
hath the same, or any part thereof, been brought into court, to
be subject to the decree or order of the court.

Wherefore, and for divers other good causes of demurrer,
these defendants do demur to the said bill of interpleader, and
they pray the court to adjudge whether they shall make any
other or further answer to the same ; and they humbly pray to
be hence dismissed, with costs, &c., &c.

Coxe & Carlisle,<br>
*Solicitors for defendants.*

The cause was then set for hearing by complainant on bill,
answer, exhibits, and replication, and upon the demurrer and
bill of interpleader, and at March term, 1843, the court passed
the following decree : —

" The said bill of injunction, and for general relief, wherein
the said Robert Marshall is complainant, and the said Susan G.
Beall is defendant, together with the said other bill, by way of
cross-bill and bill of interpleader, wherein the said Amelia T.
Dorsett is complainant, and the said Robert Marshall is defend-
ant, having been regularly set for hearing by consent of the par-
ties, as well upon the said first-mentioned bill, the answer there-
to, the replication to said answer, and the several exhibits and
papers therewith filed, and in the proceedings mentioned, as up-
on the last-mentioned bill and the demurrer of the said Robert
Marshall thereto, and as if taken for confessed against the other
defendants therein named or referred to, this court, upon consid-
eration of the premises, and the arguments of counsel, as well
in behalf of the said complainants respectively as of the said

defendants respectively, has ordered and decreed, and now here, on this 23d day of May, 1843, doth order and-decree, that the said first-mentioned bill be and the same is hereby dismissed, with costs; that the demurrer of the said Robert Marshall to the last-mentioned. bill be and the same is hereby overruled, with costs; that the said Amelia T. Dorsett pay to the said Susan G. Beall all the principal sum of money with the interest thereon recovered against her in the name of said Robert Marshall by the said judgment at law in the proceedings mentioned, to be, together with all such personal property, moneys, securities, stocks, and effects as have come or may come to the hands of the said Susan G. Beall as trustee for the deceased Ann Marshall in the proceedings mentioned in virtue of the marriage contract, and marriage settlement in the proceedings mentioned, and of the last will and testament of Ann T. Beall, also in the proceedings mentioned, accounted, distributed, and paid over to and among the next of kin by blood of the said deceased Ann Marshall, in the order and proportions prescribed by law for the distribution of the personal estate of persons dying intestate among such next of kin; that upon the payment by the said Amelia T. Dorsett, in the manner aforesaid, of the principal and interest of the debt so recovered at law against her in the name of the said Robert Marshall as aforesaid, she be and is hereby exonerated, released, and discharged from the said judgment at law so recovered against her; which the clerk of this court, upon such payment being certified to him by said Susan G. Beall, is hereby authorized and required to enter of record as paid and satisfied pursuant to this decree; and that the said Robert Marshall pay to the said Susan G. Beall her costs in this behalf expended, &c., &c."

An appeal from this decree brought the case up to this court.

It was argued by *Mr. Coxe,* for the appellant, and *Mr. Jones,* for the appellee.

*Mr. Coxe* contended that the decree was irregular, informal, and erroneous. Upon overruling the demurrer of Marshall to the bill of interpleader, he should have been held to answer, and the case was not ready for a final decree against him. The demurrer itself was good, and ought to have been sustained. This was no regular bill of interpleader. Such a bill only lies where a person has to pay money and is at a loss to whom it ought to be paid. But here the party who files the bill avers an interest in the subject. 1 Madd. Ch. Pr. 239; Story's Eq. Pl. §§ 291 – 293

Marshall was not bound by the laws of Maryland to take out

letters of administration upon the estate of his wife. He was administrator by force of law. When he sued Amelia T. Dorsett for the four hundred dollars loaned to her by the trustee, all the matters stated in the bill of interpleader were open as grounds of defence, and having omitted to avail herself of them at law, she cannot now bring them into a court of equity.

A bill of interpleader is regarded as an original suit, and therefore demurrable to by one or all the persons against whom it is brought. But in this case it was demurred to by Marshall alone, and the court ordered it to be taken *pro confesso* as to the other parties. It had no right to do this.

*Mr. Jones, contra,* said that there might be some technical informality in the proceedings, but the right of the wife to her separate estate was fairly presented. The substantial equity was against Marshall, and in favor of the next of kin to the wife. There were two distinct funds which Marshall claimed, arising in different modes, to be governed by different rules.

The bill called an interpleader was miscalled. It was in fact a cross-bill, because the trust fund was placed in danger, and the parties interested in it had a right to be heard. They would have a right of appeal in England. If the decision of the court below is correct in saying that the property of the wife does not belong to Marshall, it is of no consequence to him who gets it. A misnomer of the bill is, therefore, of no value.

It is said that it was irregular for the court to pass a final decree without first calling upon Marshall to answer, after overruling his demurrer. But upon referring to the order of the court, it appears that Marshall had set the cause down for hearing upon the demurrer, &c., and therefore waived all such irregularity. If he chooses to rest his case upon his demurrer, he may do so.

All the questions now involved could not have been raised in a court of law when Marshall sued for the four hundred dollars.

When a married woman has separate property, the question whether the rights of the husband are destroyed, or only suspended, must depend upon the instrument which they execute, as the interpreter of their intentions. Clancy on Married Women, 34.

That the instrument now under consideration is sufficient to vest the property absolutely in the wife, see Clancy, 43, 51 ; 2 Roper, Hus. and Wife, 157 ; 2 Story's Eq. §§ 1378 – 1383.

*Mr. Coxe,* in reply, insisted, that, if these defences had been made at law, the judgment must have been decisive of the hus-

band's rights.    The objection to the bill of interpleader is not technical.    The rule is positive, that no such bill shall be filed in such a case.    Clancy says there must be a manifest intention to give the wife an exclusive right.    This is not apparent either in the deed or the will.    The will only gives the property to Ann Marshall, but does not exclude the husband.

*Mr. Jones* referred to 7 Johns. Ch. 229, and 6 Gill & Johns. 349, to show under what circumstances the court would consider the husband as being shut out.

Mr. Justice CATRON delivered the opinion of the court.

Robert Marshall filed his bill against Susan G. Beall, to recover two funds held by her as trustee for Ann Marshall, the late wife of the complainant.    The larger fund sued for was fifteen hundred dollars, with the addition of some interest that had accrued on it, at the time it was received by the trustee. In 1830, Robert Marshall and Ann Berry, both of Maryland, were about to intermarry, and before the marriage took place agreed in writing that the said Ann should hold in herself all right, title, and interest to the following funds of her own, to wit : one hundred and fifty shares of stock of the Patriotic Bank, on which ten dollars for each share had been paid ; also, one hundred and thirty-seven shares of stock in the Central Bank of Georgetown, on which eleven dollars to each share had been paid ; and three thousand five hundred dollars in bonds on Charles Glover.    The marriage took place, and a portion of the property sought to be secured to the wife by the foregoing agreement having fallen into the hands of the husband, further to secure the wife in some portion of her property, another agreement was made in May, 1834, to which Marshall and wife, and Susan G. Beall, as trustee, are parties.    First, the husband and wife conveyed to Miss Beall a tract of land, the property of Mrs. Marshall, to hold in trust for the use of the husband and wife during their joint lives, and for the separate use of the husband for life; if he was the survivor.    Then follows the three thousand five hundred dollar debt from Glover, secured by the first articles, and reduced to two judgments.    This debt and the land seem to have been the only property left in 1834 to either party.    The use of the land was fairly divided ; and of the debt from Glover the wife very generously gave the husband the larger portion, " to his sole and separate use, free and clear of the marriage contract of 1830."    And then she reserved to herself the smaller judgment of fifteen hundred dollars. in very nearly the same language : the trustee was to hold

executors, administrators, and assigns, free and clear from any control or demand of the said Robert Marshall." The wife retained the power of appointment in regard to the land and the fund, but failed to exercise the power. She died intestate, and as by the laws of Maryland the husband was her administrator by mere force of law, he now claims to recover the fund from the trustee, and to retain the money by force of his marital rights. And the question presented for our decision is, whether the husband only made a temporary surrender of his marital rights during the coverture, or whether he abandoned them altogether. This depends on the intention of the parties, as expressed in the marriage articles. By the first agreement we do not doubt the wife desired, and really intended, to retain her property after the marriage as if she was a feme sole ; but the agreement was vague, and it is doubtful whether the husband's marital rights did not attach ; then he stood as trustee himself, and might, and obviously did, use the property. Under these circumstances, the article of 1834 was entered into, and the wife secured in her separate use as if she was a feme sole ; and, in consideration of a division of the wife's property with the husband, he abandoned all claim, founded on his marital rights, to that part secured to the wife. We think that the terms of the agreement of 1834 sufficiently show that the intention of the parties was to carry the title of the fund beyond the period of the wife's death, and to exclude the husband. And in this conclusion we are supported by the opinion of the Court of Appeals of Maryland, in the case of Ward v. Thompson (6 Gill & Johns. 349), and in the soundness of which opinion we fully concur.

But there was another fund vested in Miss Beall by the will of Ann T. Beall, the mother of Susan G., the trustee, and of Mrs. Ann Marshall ; and as respects this latter fund, also, the court below dismissed the complainant's bill, on the ground, as we suppose, that his marital rights never attached to it. The correctness of this decree depends on the will of Mrs. Beall, the clause of which vesting in trust this legacy is as follows : —

" To my daughter, Amelia Dorsett, the sum of four hundred dollars, loaned to her some years ago. I give and bequeathe to my daughter, Ann Marshall, the sum of four hundred dollars, and hereby appoint my daughter, Susan G. Beall, her trustee, to hold and retain the whole amount in her hands, and let the said Ann Marshall, wife of Robert Marshall, have some part or parcel of the money occasionally, as she may stand in need, but to be paid out to her at the discretion of my trustee, Susan G. Beall."

of the marriage articles. Its granting part limits the use of the fund exclusively to Mrs. Marshall's own use and benefit; there is no disposition of the property in the event of her death; as, for instance, to the next of kin of the devisee. In Watt v. Watt, 3 Ves. 244, Garrick v. Camden, 14 Ves. 372, and in Bailey v. Wright, 18 Ves. 49, the cases turned on a provision, that for want of appointment the property should go over to the next of kin of the deceased; and this was held to be a limitation that excluded the husband, he not being of the next of kin. But we think there is no doubt, that, if such a limitation over had not existed, the English courts would without hesitation have adjudged the fund to the husband. Such is the plain inference from these and other cases of the same class. On the wife's death, he is entitled to all the undisposed of choses in action of the deceased wife. This fund was not disposed of at her death; it does not belong to the trustee, and is subject to be distributed according to the laws of Maryland, and by these laws the husband is entitled, in exclusion of the next of kin of the deceased wife. As to this fund, the bill will be sustained, and for so much the decree will be reversed. And the bill of Amelia T. Dorsett will also be retained as part of the proceeding in the court below on the cause being remanded there for further proceedings; when the Circuit Court will take an account between the complainant, Robert Marshall, and Susan G. Beall, in which they will charge the complainant with any moneys he may owe said Susan G., and for the balance of the sum of four hundred dollars, with such interest as the court may find to be reasonable and proper; a decree will be rendered for said Marshall, either out of the moneys due from Amelia T. Dorsett, or out of the fund in the hands of Susan G. Beall, the trustee. And it is ordered, that one half the costs of this appeal be paid by the appellant, Robert Marshall, and that the other half of said costs be paid by Susan G. Beall out of the trust fund of fifteen hundred dollars in her hands; and that as to all other costs, the court below shall adjudge their payment on the final decree as in the discretion of that court may be deemed proper.

## Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Columbia, holden in and for the county of Washington, and was argued by counsel. On consideration whereof, it is now here ordered and decreed by this court, that the decree of the said Circuit Court in this case be and the same is hereby reversed, and that this cause be and the same is here-

by remanded to the said Circuit Court, to be proceeded with in conformity to the opinion of this court, and that each party pay his own costs in this court.