## SUPREME COURT.

Lucius N. Bangs, Receiver of the Genesee Mutual Insurance Company, agt. Ethelanda Selden.

Where the plaintiff and defendant reside in different counties, not adjoining, and in different judicial districts, not adjoining, and the plaintiff, as he has a right to do, names in his complaint, as the place of trial, the county in which he (the plaintiff) resides—the *place of trial* becomes thereby *fixed*, subject to the power of the court to change it; and until changed, *all motions* (at special term) in the action, should be made in that district, or a county adjoining the one mentioned in the complaint, except as provided in § 401, in reference to motions in the first judicial district.

In such an action, a motion to change the place of trial for the convenience of witnesses, must be made, by the defendant, in the judicial district, or a county adjoining the one designated by the plaintiff in his complaint.

The word "*triable*," mentioned in § 401, must be regarded as applicable only to the county *named as the place of trial.*

Where, in such action, the defendant moved, in a county adjoining the one in which he resided, supposing the cause *triable* in his county, as well as in the county of the plaintiff, for a change of the place of trial for the convenience of

witnesses, and (on opposition) succeeded, upon which the plaintiff brought an appeal, and the general term in his district declined to hear it, for the reason that the place of trial having been changed to the defendant's county, the appeal should be heard in the latter district, and the defendant, notwithstanding the plaintiff's stay of proceedings, noticed the cause for trial at the circuit, and took judgment of dismissal of the complaint, by default,

Whether the defendant's proceedings should be considered *irregular* merely, or absolutely *void*, was a question which the court of appeals probably would have to settle in this case.

### Wyoming Special Term, October, 1856.

THE action is upon a premium note. The place of trial named in the complaint is Genesee county—the county in which the plaintiff resides, and in which the Genesee Mutual Insurance Company transacted its business. The defendant resides in the county of Rensselaer. On motion of the defendant, an order was granted at a special term held in Albany county, May 19, 1856, changing the place of trial from the county of Genesee to the county of Rensselaer for the convenience of witnesses.

The plaintiff opposed the motion to change the place of trial upon the ground that such motion could not be made or heard in the county of Albany.

The plaintiff appealed from the order to change the place of trial, and the defendant's attorney received this notice on the second day of June. The notice of appeal was served on the clerk of Genesee county. On the same day the plaintiff procured from Justice GREEN of the 8th district, an order that the defendant show cause, on the 9th day of June, why all proceedings should not be stayed until said appeal should be heard. This order was duly served, and on the 9th of June, Justice GREEN made an order staying all proceedings until the appeal should be heard at a general term of this court.

The plaintiff noticed his appeal for hearing at a general term of the court, held at Rochester (in the 7th judicial district) the first Monday of S. tember, 1856. The court, upon objection, refused to hear the appeal, and entered an order that the court declined to hear the appeal, on the ground, as is stated in a letter from the counsel of the defendant, annexed to an affidavit of

the defendant's attorney, that the appeal should be heard in the county or district to which the place of trial had been changed.

The plaintiff's attorney, in the moving papers, stated in his affidavit, that the appeal had not yet been heard, or brought to argument. The defendant noticed the cause for trial at a circuit court to be held on the first Monday of October, in Rensselaer county; and, on the 7th of October, procured a dismissal of the complaint, and judgment has been entered and docketed in Rensselaer county against the plaintiff for the costs and extra allowance in the action. The plaintiff now moves, upon notice, for an order setting aside the order changing the place of trial, and all subsequent proceedings, for irregularity. The irregularities are specified, viz.: 1st. That the motion could not be made or granted at a special term held in Albany county. 2d. That the action could not be brought to trial while the order of Justice Green, staying proceedings, was in force—and it is claimed that it was, and still is in full force; and the plaintiff says, in 'his notice, that he will ask for such other or further relief, &c.

H. Williams, *for plaintiff.*

J. Romeyn, *for defendant,* made and argued several points.

1st. He insists that the action was triable in the county of Rensselaer, where the defendant resided; and that the motion to change the place of trial was properly made and granted in the adjoining county of Albany. That such is the well settled practice in the 3d and 4th judicial districts, and has been acted upon by Justices Gould and Watson of the 3d district, and Justice Cady of the 4th. (*Citing the Code,* §§ 125, 401; *Peebles* agt. *Rogers,* 5 *How.* 208; *Dixon* agt. *Allen, Rensselaer Sp. T., Feb.* 15, 1856, *by* Watson, Justice—*not reported.*)

2d. That the decision and order of the special term, changing the place of trial, if erroneous, cannot be reviewed, vacated or modified, on motion, at another special term; but only, if at all, by the general term, on appeal. (*Citing Follett* agt. *Weed,* 3 *How.* 361; *Terry* agt. *Hunter, id.* 183.)

3d. That the question was not one of jurisdiction, but of regularity; and whether regular or irregular, the order made was valid, and changed the place of trial. (*Citing Gillen* agt. *Hoyt*, 7 *How.* 265; *Blackman* agt. *Van Inwager*, 5 *id.* 367— and the *Monroe general term in this case*.)

4th. That the appeal, from the order changing the place of trial, was never perfected or available for any purpose; that the appeal could only be taken in Rensselaer county, and the proceedings upon it could only be had in the 3d district, or an adjoining county; that no notice of the appeal was served upon the clerk of Rensselaer or Albany county; that the order itself was not appealable. (*Citing Code*, § 126, *and decisions referred to under the third point as above stated; Westcott* agt. *Platt*, 1 *Code Rep.* 100.)

5th. That the order, made by Justice GREEN, staying proceedings, was never entered in any clerk's, office, nor operative for any purpose. If otherwise, however, it ceased to be so after the appeal was brought on for argument at the Monroe general term. (*Citing Savage* agt. *Relyea*, 3 *How.* 276; 1 *Code R.* 42.)

6th. Laches of the plaintiff; also, that the plaintiff claims that he has an appeal pending to the general term, which is itself a motion, and the only appropriate means, if any he had or now has, of obtaining relief in the premises, and that this is a conclusive answer to the present motion. (*Citing Patterson* agt. *Gerard*, 11 *How.* 91; *Cagger* agt. *Gardner*, 1 *How.* 143; *id.* 62.)

7th. That the dismissal of the plaintiff's complaint was reg ular.. But whether regular or not, it did, and, while it stands, does put an end to the plaintiff's case, and all prior pending proceedings in it. (*Citing Code*, §§ 258, 274; 1 *Whit. Pr.* 2d ed., 569, 595; 1 *Barb. Ch. Pr.* 245, 246.)

8th. The plaintiff has made no affidavit of merits.

9th. The place of trial having been removed to, and being in the county of Rensselaer, a motion in the cause could, thereafter, only be made in the third district, or in a county adjoining the county of Rensselaer, and not in the county of Wyoming, or

Bangs, receiver, &c. agt. Ethelanda Selden.

elsewhere out of the 3d district; and the plaintiff's present motion should not be heard or granted by the court in Wyoming county. (*Code*, §§ 125, 126—*last clause, and decision of Monroe general term in this case.*)

MARVIN, Justice. This was an action to be tried in the county in which the parties to it, or any of them, resided at the commencement of the action, viz., Genesee or Rensselaer county, subject to the power of the court to change the place of trial. (*Code*, § 125.)

The plaintiff had the right to name Genesee county in his complaint, as the county in which he desired the trial to be had. (*Code*, § 142.) The court had the power to change the place of trial for the convenience of witnesses, and for the promotion of the ends of justice. (*Code*, § 126.)

Where should the motion for a change of the place of trial have been made?

It is declared in the Code that motions must be made within the district in which the action is triable, or in a county adjoining that in which it is triable. (§ 401.)

It is argued, and so it was decided in this case, that the action was *triable* in Rensselaer county, the residence of the defendant, and that the motion could therefore be made and decided in Albany county, which adjoins Rensselaer. If this decision is sound, then, in every case where the plaintiff and defendant reside in different judicial districts, however remote, all kinds of special motions in the action may be made in the county in which either of the parties resided at the commencement of the action, or in an adjoining county. By the Code, the action was triable in Rensselaer county, if the plaintiff had named that county as the place of trial in the complaint. But having, as he had a right to do, named Genesee county, was the action then triable in Rensselaer county, within the meaning of § 401 of the Code?

In my opinion, this question admits of but one answer. The place of trial was fixed, subject to the power of the court to change it, and until changed, all motions in the action should

have been made in the 8th district, or in a county adjoining Genesee county, except as provided in the section.

*Peebles* agt. *Rogers* (5 *How.* 208) is relied upon, as authority to sustain the decision in this case. In that case the place of trial named in the complaint was Otsego county, the residence of the plaintiff. The defendant resided in Montgomery county. These counties adjoined. The county judge of Montgomery county, upon the application of the defendant, granted an order enlarging the time to answer. The plaintiff's attorney disregarded the order and entered judgment. The defendant's attorney moved to set aside the judgment for irregularity. The question before Justice CADY related to the powers of the county judge of Montgomery county. He held that a county judge has power, independent of the Code, to grant an order extending the time in which to answer. He referred to, and examined the Revised Statutes relating to supreme court commissioners; the provision of the constitution abolishing the office of supreme court commissioner; the provisions of the judiciary act of 1847, conferring certain powers upon county judges, and in which he found the power for making of the order by the county judge of Montgomery county. The learned judge then considered how far the Code has repealed or modified the judiciary act upon the question he was considering. He quoted, from § 401, the provision that orders out of court "may also be made by county judges of the county where the action is triable, except to stay proceedings after verdict;" and he adds, "This clause confers no new power upon county judges; and, as it is in the affirmative, it takes from them no power which they before had."

He refers to that part of § 401 declaring that "motions must be made in the district where the action is *triable*," &c., and says, "If this provision was applicable, then the judge had the power, as he resided in the county adjoining that designated as the place of trial." In a subsequent part of his opinion he inquires, whether it may not be reasonably said, that the words "in the county where the action is *triable*," includes any county in which, according to §§ 123, 124 and 125, the plaintiff is at

liberty to have the action tried? And he argues the affirmative of the question.

Now, in my opinion, the learned judge argued erroneously. If he was right in the position that the county judge had the power, independent of the Code, there was no occasion to remark upon this provision of the Code, and what he said was *obiter*. The case should not be regarded as an authority for the decision in the present case. And unless the county judge had the power independent of the Code, as to which I express no opinion, I think the question was not properly decided.

In addition to this case, the defendant's counsel produced a certified copy of an order, in *Dixon* agt. *Allen*, granted at a special term held in Rensselaer county, Feb. 15, 1856, Justice WATSON present, changing, upon the motion of the defendant, the place of trial from the county of Cayuga to the county of Rensselaer. It appears from the order that counsel were heard for the defendant and for the plaintiff, but it does not appear that the objection was taken that the motion could not be made in Rensselaer county. If the objection was taken, then the decision is in point; and I can only say, with proper respect, that, in my opinion, the decision was wholly erroneous. The decision of Justice GOULD, in the present case, is relied upon as authority.

These are all the decisions to which I have been referred, and I have seen no others, sustaining the position of the defendant's counsel. Aside from these cases, so far as I have any knowledge, the entire practice has been the other way, and the profession have supposed that all motions to be made in the cause at special term, must be made in the district in which the county, specified in the complaint as the place of trial, is, or in a county adjoining such county. Let us see if there is any authority for this opinion.

In *Gould* agt. *Chapin*, (4 *How*. 185,) Justice SILL had occasion to examine the question as the Code then was. It was held that there was a distinction between *venue*, or the county named in the complaint for the trial, and the place of trial, when the place of trial had been changed by the court. Judge

SILL referred to the judiciary act, and remarked that a change of the place of trial did not change the place for making motions in the cause. That by that act all motions were to be made in the county in which the *venue* in the suit should be laid, or in an adjoining county. That § 401 of the Code was a revision and substitute of the provision in the judiciary act. That the Code extended the limits within which the motion could be made to the entire district in which the action was triable. And he construed the word *triable*, as used in the Code, as a substitute simply for the word *venue* as previously used.

I may remark here, that § 126 of the Code has been amended since that decision, so that now a change of the place of trial carries with it all subsequent proceedings. But Justice SILL's construction of § 401 of the Code is directly in point in this case. In *Inglehart* agt. *Johnson*, (6 *How.* 80,) Erie county was specified in the complaint as the place of trial. A motion was made in the cause at the Monroe special term. The objection was taken that Monroe county, in the 7th district, did not adjoin Erie county, which was in the 8th; and Justice WELLES refused to hear the motion, and held that it could only be made in the 8th district, as there was no county out of that district adjoining Erie county. It did not appear where the parties to the action resided. (*See, also, Blackman* agt. *Van Inwager*, 5 *How.* 367; *Johnson* agt. *Bryan*, 1 *Code R. N. S.* 46.)

In *Harris* agt. *Clark and others*, (10 *How.* 415,) the action was commenced in 1845. It was in equity, and the papers had been transferred to Chenango county, and the suit had been there tried, &c. The special term in New-York granted an order staying proceedings, and a motion was made before Justice MASON, at Chenango special term, among other things, to vacate this order. Judge MASON held, that the action was triable in Chenango county, and that all motions in the suit, by the express requirements of § 401 of the Code, were to be made within the district, or in a county adjoining that in which the action was triable. By an amendment to § 401, it was declared that "no motion can be made in the first district in an action triable elsewhere."

Bangs, receiver, &c. agt. Ethelanda Selden.

Justice MASON held, that the order made by the New-York special term was void, and he set it aside. See, also, *Canal Bank* agt. *Harris*, (1 *Abbott R.* 192,) holding that a motion cannot be made at special term in New-York in an action where the place of trial is in another county. These authorities are in point. It is true, that it does not appear that the question as to the residence of the parties was made or considered. But the decisions all turn upon the word *triable;* and all these cases show that the court regard it as applicable only to the county *named as the place of trial.*

No motion can be made in the first district in an action *triable* elsewhere. If the place of trial named in the complaint should be Albany county, in an action against a defendant residing in New-York, would the court in New-York entertain a motion in the action? It certainly could, if the decision of the Albany special term, in this case, is good. It all turns upon the word *triable;* and certainly the action, in the case supposed, was *triable* in New-York, the defendant residing there, if the plaintiff had designated New-York as the place of trial in his complaint. But I dismiss this question.

The statement of what has occurred in this case is a sufficient commentary upon the practice of entertaining motions out of the district in which the county named as the place of trial is, or a county adjoining to such county.

I have come to the conclusion to dismiss this motion, without prejudice and without costs.

If the order of the Albany special term has had any effect upon the cause, I recognize, to its fullest extent, the position that a motion cannot be made in this district to get rid of such effect, though the plaintiff resides in this district.

If the order was void, for want of jurisdiction, it is not necessary that I should so decide, and set it aside. Upon the question of the *validity* of the order I express no opinion. The question may, perhaps, hereafter come up in this case in such a manner as to enable the court of appeals to pass upon it. If the practice was simply irregular, it is very clear to me that

HARVARD LAW SCHOOL LIBRARY

Bangs, receiver, &c. agt. Ethelanda Selden.

this special term cannot correct the irregularity without itself being irregular.

The same remarks may be made as to the judgment. I confess my inability to perceive any ground for holding Justice GREEN's order staying proceedings invalid or inoperative. The appeal taken has not been heard. The Monroe general term, very properly, as I think, *refused to hear it.* Unless all the proceedings in the third district are absolutely void, the remedy of the plaintiff must be sought in that district, by prosecuting the appeal, or by motions, or both.

Whether the order changing the place of trial was appealable or not, I shall not now inquire.

I shall not assume that the courts in the third district will not carefully examine the questions arising in the case, and, if necessary, re-examine the position taken at the special term and the circuit.

It does not appear that the court at the circuit was advised of the order of Justice GREEN staying the proceedings; or, if the court was advised, the defendant, in moving the cause and procuring a dismissal of the complaint, undoubtedly acted at her peril.

It is very important that the courts in the different districts should, as far as possible, agree in their decisions touching questions of practice. Disagreements touching the court, term, or place where proceedings should be had, will at once bring the courts of the different districts into collision, and will confound and embarrass the profession.

Were this court now to grant the plaintiff's motion, the proceedings would be still further complicated. Should it be necessary hereafter to examine the question of jurisdiction, and the validity of the proceedings of the courts in the third district, it should be under circumstances which will enable either party, dissatisfied with the decision that may be made, to take the opinion of the court of appeals.

The motion is dismissed, without costs, and without prejudice to any other or further motion or proceeding which the plaintiff may be advised to make or take.