Howard A. Zeller, J.
This action is pending in Supreme • Court in Saratoga County in the Fourth Judicial District. Defendants have served an answer and a bill of particulars. Defendants now move before the Supreme Court in Madison County in the Sixth Judicial District for an order dismissing the complaint and for summary judgment.
Plaintiff first resists the motion on the ground that it was improperly made returnable before the Supreme Court in Madison County which is neither in the judicial district in which the action is triable nor a county adjoining the county where the *343 action is triable. Alternatively, plaintiff opposes the motion on the merits.
CPLB 2212 (subd. [a]) requires that a “ motion on notice in an action in the supreme court shall be noticed to be heard in the judicial district where the action is triable or in a county adjoining the county where the action is triable.”
Defendants argue that, by virtue of the personal residence of codefendant Larsen in Madison County, the action could have been triable in Madison County and the return of the motion is proper even though the venue of the action is Saratoga County. Defendants also contend that by submitting proof on the merits of the motion plaintiff may not claim it was improper to bring the motion in Madison County.
Defendants misconstrue CPLB 2212 (subd. [a]). The summons and complaint laid the venue in Supreme Court in Saratoga County; defendants joined issue in the action by service of an answer. No change of venue has been sought. Notes of Legislative Studies and Reports (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 2212, p. 16) read: ‘ ‘ Discussing the word ‘ triable ’ the Revisers explain that in regard to a pending action it refers to the place where venue actually has been laid, not where it might have been laid. ”
The phrase ‘ ‘ where the action is triable ’ ’ in connection with where motions shall be heard was judicially interpreted over a. century ago. Section 401 of the Code of Civil Procedure in effect in 1856 declared that motions must be made within the district in which the action is triable, or in a county adjoining that in which it is triable. The meaning of the phrase ‘ ‘ where the action was triable ” was considered by Supreme Court, Special Term, in October, 1856 in Bangs v. Selden (13 How. Prac. 163). That action was commenced in Genesee County (Eighth Judicial District) where plaintiff resided. Defendant, a resident of Rensselaer County (Third Judicial District), brought a motion in the action in Albany County (Third Judicial District). Defendant argued that as the action was triable in Rensselaer County the motion could be made in a county within the Third Judicial District. The court (pp. 167-168) disagreed stating “ The place of trial was fixed, subject to the power of the court to change it, and until changed, all motions in the action should have been made in the 8th district, or in a county adjoining Genesee county ”.
The phrase "where the action is triable” in CPLR 2212 (subd. [a]) means where the action is triable at the time the motion is brought; it does not allude to a county in which the action could have been commenced. If the interpretation were *344 otherwise, motions in an action pending in plaintiff’s home County of Suffolk (Tenth Judicial District) could be brought in the Fourth Judicial District and the Eighth Judicial District if one defendant resided in St. Lawrence County and another defendant lived in Erie County. Such scattering of motions in an action was never intended by the code makers.
Plaintiff timely raised the objection to the motion venue and its right to the relief was properly preserved and not waived (CPLB 2215).
Defendants’ motion should be dismissed, without prejudice to a renewal in a proper county.