# SUPREME COURT.

## Lucius F. Beardsley vs. Thomas S. Dickerson.

Where, in an action for an injury to personal property, which arose in *Saratoga*, and the plaintiff, in his complaint, selected *Rensselaer* as the place of trial, and the defendant, before answering, served a written demand that the cause should be tried in *New York*, *held*, that the defendant was irregular in not demanding trial in the "proper county." (§ 105, old code.) It is the obvious intention of the statute that the cause shall be tried in the county designated by §§ 103 and 104, unless the place of trial is changed by the court.

The defendant having moved under the 49th section of the Judiciary Act, (Laws of 1847, page 333, which is still in force,) to change the place of trial from Rensselaer to New York; it was objected by plaintiff that issue was not joined when the notice of motion was served. (3 Howard's Pr. R. 71.) It appeared that a reply had not then been served; but, an examination of the answer showed that most, if not all of the material allegations in the complaint were denied; and, therefore, *held*, that the issues of fact arising upon the allegations in the complaint, controverted by the answer, obviated the plaintiff's objection, and that the question should be decided upon the merits.

Upon the merits, it appeared that the parties both resided in the city of New York, and many facts and circumstances which accrued there would necessarily be given in evidence on the trial; it also appeared that there were more witnesses residing in New York than in Rensselaer. Motion granted.

*Albany, November* 24, 1848.—This was a motion to change the place of trial from Rensselaer to New York. The action was brought for entering upon the premises of the plaintiff, at Waterford, and taking possession, by virtue of a pretended execution, of divers articles of personal property—and the plaintiff claimed damages for the expense he was caused in moving to set aside the execution. The affidavits were voluminous, and the facts sufficiently appear in the opinion of the court.

The defendant, before answering, had served a written demand that the cause should be tried in the city of New York.

H. Brewster, *for plaintiff.*

J. A. Millard, *for defendant.*

Parker, Justice.—This action was brought for an injury to personal property, and Rensselaer county was designated, in the complaint, as the place for trial. The injury complained of occurred in the county of Saratoga, which was the proper place for trial under the 5th subdivision of section 103 of the code. By the 105th section, the defendant is authorized, before the time of answering expires, to demand, in writing, that the trial be had in the proper county. Under that provision, the defendant might have required a change of the place of trial to Saratoga,

but it did not authorize him to demand, as he did in this case, that the trial should be had in New York. The object of the 105th section was to enable the defendant to bring back the cause for trial to the county which the plaintiff ought to have selected under the 103d and 104th sections. It is the obvious intention of the statute, that the cause shall be tried in the county designated by sections 103 and 104, unless the place of trial is changed by the court on motion. The defendant's demand, therefore, was irregular, and can have no influence upon this motion.

But the defendant now moves to change the place of trial to New York, under the 49th section of the Judiciary Act, (Laws of 1847, page 333,) which is still in force.

The plaintiff objects, in the first place, that *issue was not joined* in the action, when the notice of motion was served. (3 How. Pr. Rep. 72.) It is stated, in Mr. Millard's affidavit, "that the reply had not been served" when the papers for the motion were served. But it does not appear, from the affidavits, whether a reply has since been served, nor is it shown that the time to reply has been extended, nor that the plaintiff denied, or intended to controvert any material allegation in the answer.

Mr. Brewster's affidavit states that the answer was put in on the 14th of October last. An examination of the answer shows that most, if not all, of the material allegations in the complaint are denied. It is shown, by affidavit, that the motion papers were served on the defendant's attorney on the 4th of November last, which was more than twenty days after the service of the answer. The time, therefore, for the plaintiff to reply, under section 131 of the code, had elapsed.

By section 205 of the code, an issue of fact arises,—

1. Upon a material allegation of the complaint controverted by the answer, or

2. Upon new matter in the answer controverted by the reply, or

3. Upon new matter in the reply.

The time for replying having elapsed, there was no issue of fact to be tried in the cause, except those arising on the allegations of the complaint controverted by the answer. The objection that issue was not joined, and that for that reason this motion is prematurely made, can not therefore be sustained.

Upon the merits of the motion, I think there are good reasons shown for trying the cause in New York. The parties both reside there, and though the cause of action arose in Saratoga, it is shown that many facts and circumstances which occurred in the city of New York must necessarily be given in evidence on the trial. It appears also that there are

more witnesses residing in New York than in Rensselaer. The stipulation offered by the plaintiff will not avail him to retain the cause in Rensselaer.

The motion to change the place of trial is therefore granted.