### JACOB MILLER vs. GEORGE HULL and SALLY his wife.

In an action for the foreclosure of a mortgage, "the proper county" for the place of trial, (§ 105,) is where the mortgaged premises are situated, (§ 103,) although the money may be loaned and the mortgage executed and delivered to the mortgagee, in another county

*Albany, Nov.* 28, 1848.—This was an action commenced for the foreclosure of a mortgage. The mortgaged premises were in the county of Cortland. The money, to secure the payment of which the mortgage was taken, was loaned in the county of Columbia, where the mortgage, after being recorded, was delivered to the mortgagee. The county of Columbia was designated in the complaint as the place of trial. Before the time of answering expired, the Defendant served a written demand under § 105 of the code that the trial be had in Cortland. The Plaintiffs's attorneys, in reply, served a notice on the Defendant's attorney, insisting that Columbia was the proper county in which to try the action, and saying they should notice the cause for trial in that county whenever issue should be joined therein. The Defendant then moved, on affidavits and due notice, to change the place of trial from Columbia to Cortland.

L. BIRDSEYE, *for Defendant.*

W. H. TOBEY, *for Plaintiff.*

PARKER, Justice.—The question to be decided is, which is the proper county for the trial of this action, under § 103 of the code of procedure. The Plaintiff's counsel insists that he has a right to designate, as the place of trial, either the county where the cause of action arose, or that in which the subject thereof is situated—and that, therefore, he had a right to select the county of Columbia, where the loan was made. The counsel for Defendant urges that the action being made local, but one county for each action could have been intended. The section to which a construction must be given, is as follows :

" § 103. Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, or in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial in the cases provided by statute.

1. For the recover of real property, &c. &c.
2. For the protection of real property.
3. For the foreclosure of a mortgage of real property.
4. For the recovery of personal property distrained for any cause.
5. For injuries to the person or personal property.
6. For the recovery of a penalty, &c. &c.
7. Against a public officer, &c. &c."

If it is the meaning of this statute that, in an action for a foreclosure of a mortgage, the Plaintiff is at liberty to select, as the place of trial, either the county where the cause of action arose, or another in which the mortgage premises are situated, then the § 105 becomes entirely inoperative and useless. That section clearly contemplates but one " proper county" for each of the above actions, when it provides, that " if the county designated for that purpose in the complaint be not *the proper county*, the action may, notwithstanding, be tried therein, unless the Defendant shall, before the time for answering expires, demand in writing that the trial be had '*in the proper county*.'" Any other construction would lead to confusion and embarrassment, as it has done in this case, by leaving it doubtful which is the proper county for trial.

If the Plaintiff is right in the construction he now advocates, then an action to recover real property is no longer local, but the Plaintiff may designate, as the place of trial, the county in which he purchased and took conveyance of the title. For it may, with as much propriety, be said that the cause of action in ejectment arose in the county where the Plaintiff became invested with the title, as that in this case, the cause of action arose in the county where the money was loaned.

It is not necessary, in construing § 103, to hold that in each action men-

tioned in the subdivisions, the Plaintiff is at liberty to select either he pleases, the county where the cause of action arose, or that where the subject of the action is situated. Full effect is given to the language of that section, by holding that either the one or the other shall be made the test, according to the applicability of the test itself. And the question where the subject of the action arose would seem to be more particularly applicable to the first three subdivisions, and the other test to the remainder. Such was the law before the adoption of the code. (2 Rev. Stat. 3d ed. 506; Laws of 1847, page, 332.)

But whatever may be the true construction of this section, I am by no means satisfied that the cause of action arose in Columbia, because the money was loaned there. That would certainly be the case in an action on the bond alone; but where the Plaintiff seeks to foreclose the mortgage, the loan of the money must be considered in connection with the *lien* on the land; and the cause of action can not be complete without a lien in Cortland county.

I think Cortland county should have been designated by the Plaintiff as the place of trial, and that not having been done, and Cortland being the "proper county," the Defendant was right in his demand that the action should be tried there, and an order must be entered accordingly.