## THE STATE OF IOWA;

DES MOINES, JUNE TERM, A. D. 1860.

In the fifteenth year of the State.

PRESENT:

HON. RALPH P. LOWE, CHIEF JUSTICE.
  "  CALEB BALDWIN,  } JUSTICES.
  "  GEO. G. WRIGHT. (1) }

## COLE v. CONNER.

1. JURISDICTION: VENUE. Proceedings for the foreclosure of a mortgage and for judgment and general execution against the mortgagor, may be prosecuted either in the county in which the mortgagor resides, or in that in which the property is situated.

2. SAME. When the object of the suit is to foreclose the equity of redemption by a sale of the property only, it should be brought in the county in which the property is situated.

3. CHANGE OF VENUE. It is error to dismiss a suit for the foreclosure of a mortgage because it was commenced in the wrong county; the venue should be changed as prescribed by section 1702 of the Code.

*Appeal from Polk District Court.*

1. Hon. L. D. STOCKTON was a Justice of the Supreme Court until the date of his death, June 9th, 1860. He was prevented, however, by illness from being in attendance when any of the causes hereafter reported were determined. Hon. GEO. G. WRIGHT was appointed by the Governor to fill the vacancy occasioned by the death of Judge Stockton, and appeared and took the oath of office on Wednesday, the 27th day of June, 1860.

---

Cole v. Conner.

---

FRIDAY, JANUARY 20.[1]

SUIT brought in the District Court of Polk county to foreclose a mortgage executed by defendant, who was a resident of said county, on property situated in Madison county. Defendant demurred to the jurisdiction of the court; and the demurrer was sustained and the cause dismissed. Plaintiff appeals.

*S. V. White* for the appellant, relied upon sections 1701, 1703, 1704, 1855, 1858, 1888 of the Code of 1851.

*Casady, Crocker & Polk* for the appellee, submitted the cause without argument.

LOWE, C. J.—The foreclosure of a mortgage under the Code of this State, is a proceeding *in personam* as well as *in rem;* and the service of notice upon the person of defendant in the county where he resides, confers upon the court equal jurisdiction with that of the mortgage premises. In this case the object of the suit was not simply to foreclose the equity of redemption by a sale of the premises, but to obtain judgment against the defendant for the whole demand, to be satisfied by general execution against his property, in the event the land mortgaged should fail to pay the same under sale by a special execution. It follows that the jurisdiction of the court did attach, and it was error to abate the suit, because it had not been brought in the county where the land is situated. It is believed, however, that the jurisdiction is local, and can obtain only in the county where the land lies, where the object of the proceeding is only to sell and foreclose the equity of redemption. Still in such an event the suit should not be dismissed, but should be sent to the proper county, under section 1702 of the Code.

Judgment reversed and cause remanded.

---

1. This being the only cause decided by the court, as at present constituted, at the last December term, it is reported with the opinions of the present term.