## ABRAHAM R. GILL vs. JAMES A. BRADLEY.

### August 6, 1874.

**Jurisdiction of District Court—Place of Trial.**—Although the county designated in the complaint is not the proper place for the trial of an action in the district court, the district court of the designated county has jurisdiction to try the same, unless, before the time for answering expires, a written demand for a trial in the proper county is granted, and the place of trial thereupon changed as provided in § 42, ch. 66, Gen. Stat.

**Place of Trial—Demurrer.**—The objection to the place of trial designated in the complaint is not to be taken by demurrer.

**Bond for Conveyance of Land—Mutuality of Contract and Remedy.**—Where the vendor of land executes a bond for the conveyance thereof, and the vendee executes promissory notes for so much of the purchase price as is not paid in hand, the case is one in which there is both a mutuality of agreement and a mutuality of remedy.

**Time, How Regarded in Equity.**—Time is not generally deemed in equity to be of the essence of a contract, unless the parties have expressly so treated it, or it necessarily follows from the nature and circumstances of the contract. But though time be not of the essence of a contract, courts of equity have regard to time so far as respects the good faith and diligence of the parties.

**Tender—Creditor out of State.**—When a contract is made in one state of the Union for the payment of money, and no place of payment is designated, the debtor is not bound to go to another state to tender the money to the creditor.

**Specific Performance—Statute of Limitations—Tender.**—Defendant, on September 27, 1860, executed a bond for the conveyance of certain land to plaintiff's assignor, upon payment, at a day specified, (to wit, in one year,) of so much of the purchase price as was not paid in hand. The bond, as well as the notes given for the unpaid portion of the purchase money, was executed in this state. No place of payment was designated. Ever after the execution of the bond, defendant was a non-resident of this state, and resided in North Carolina. No tender of the unpaid balance of purchase money was made until October 3, 1872, more than eleven years after the same became due. This action was commenced October 4, 1872. *Held,* that so far as the mere right to commence this action for a specific performance is concerned, it is to be presumed, in the absence of any showing to the contrary, that the plaintiff comes within the provision of § 15, ch. 66, Gen. Stat., providing that if,

when the cause of action accrues against a person, he is out of the state, the action may be commenced within the times limited by statute after his return to the state. *Held further,* that there having been no opportunity, so far as appears, of making any tender in this state until defendant's return here, on October 3, 1872, the plaintiff, so far as the matter of tender is concerned, is entitled to a specific performance of defendant's contract to convey.

**Specific Performance—Facts Considered.**—Further consideration of other circumstances and facts appearing in the case, such as the continued possession of the premises in question by the obligee in the bond and her assignee, the payment of taxes, readiness to pay the balance of purchase money, defendant's acquiescence in the delay of payment, the same being *held* to make a strong case, showing plaintiff to have been not negligent, but diligent, and amply entitled to a specific performance by defendant.

Appeal by defendant from an order of the district court for Hennepin county, *Vanderburgh,* J., presiding, overruling a demurrer to the complaint.

*L. M. Stewart,* for appellant, argued : 1. That there was no mutual contract between the parties ; that the defendant's obligation was unilateral, and therefore the plaintiff is not entitled to a specific performance. *Bodine* v. *Glading,* 21 Penn. St. 53 ; *German* v. *Mackin,* 6 Paige, 292 ; *Newman* v. *Carroll,* 3 Yerg. 18 ; *Boucher* v. *Van Buskirk,* 2 A. K. Marsh. 346 ; 1 Hill. on Vendors, 435 ; 1 Stockton, 332 ; *Jordan* v. *Deaton,* 23 Ark. 704 ; 2 Sto. Eq. Jur. § 776 ; 1 Fonb. Eq. book 1, ch. 6, § 12 & note ; 3 Lead. Cas. in Eq. 85 ; Fry on Sp. Perf. §§ 286, 733 ; *Spurrier* v. *Hancock,* 4 Ves. 667 ; *Harrington* v. *Wheeler,* 4 Ves. 486 ; *Guest* v. *Homfray,* 5 Ves. 818 ; *Dorin* v. *Harvey,* 15 Sim. 49 ; *Bronson* v. *Cahill,* 4 McLean, 19 ; 10 Gray, 386 ; 20 Mo. 482 ; *Cooper* v. *Pena,* 21 Cal. 403.

2. Even if the contract had been mutual, the plaintiff's laches would bar his claim to a specific performance. *Dominick* v. *Michael,* 4 Sandf. 377, 426 ; *Goldsmith* v. *Guild,* 10 Allen, 240 ; *Potter* v. *Tuttle,* 22 Conn. 519 ; *Richmond* v. *Gray,* 3 Allen, 29 ; *Young* v. *Rathbone,* 1 Greene, N. J. 224 ; *Bodine* v. *Glading,* 21 Penn. St. 53 ; 3 Pars. Cont. 386 ; *Benedict* v. *Lynch,* 1 John. Ch. 375 ; *Dahl* v. *Pross,* 6 Minn. 91 ; *Yoss* v. *De Freudenrich,* 6 Minn. 102.

*Cooley & Lowry,* for respondent.

BERRY, J. On September 27, 1860, defendant, being owner of certain land in the county of McLeod, bargained the same to Helen E. Savage for $432. One hundred dollars was paid in hand, and defendant executed and delivered to said Helen a bond, of the date aforesaid, conditioned for a conveyance of the land to her, upon payment of the residue of the purchase money with interest, in one year, according to the terms of her promissory note of even date. The bond was executed in this state, and on October 23, 1860, was duly recorded. Immediately after its execution, the obligee went into possession of the land, and continued in the occupation thereof until about January 24, 1872, when she assigned her rights to the plaintiff, by a proper instrument in writing, at the same time delivering to him possession of the premises, which he has ever since retained. During the whole time between the execution of the bond and making of the tender hereinafter mentioned, (October 3, 1872,) defendant has been a non-resident of this state, and has resided in North Carolina, and, as the complaint alleges, has been inaccessible to the said Helen, who is alleged to have been kept in ignorance of his whereabouts by the prevalence of the late civil war. All taxes levied upon the premises since the execution of the bond have been paid by the said obligee and the plaintiff.

Said Helen and the plaintiff have ever been ready to pay the residue of the purchase money. On October 3, 1872, at Minneapolis, the plaintiff tendered to the defendant the principal and interest of the note, and the costs and expenses of executing a deed of the premises, with a demand of such deed, and also caused a deed thereof to be prepared and presented to defendant for execution, with a demand that he execute the same, upon payment of the amount due on the bond; but defendant refused and still refuses to execute the deed or accept the money. Plaintiff avers that he is willing and ready to pay the amount due on the bond, and brings the necessary money into court for that purpose. The complaint prays that the defendant may be decreed to

convey the premises to plaintiff, upon being paid the principal and interest due under the conditions of the bond.

Defendant demurred · to the complaint upon several grounds, only two of which are urged here. The first ground is that the complaint shows that the court has no jurisdiction of the subject of the action. This has reference to the fact that this action is brought in Hennepin county, which is designated as the place of trial in the title of the cause found in the complaint, while the land to which the action relates is in the county of McLeod. This being an action for the determination of a right or interest in real property, McLeod county was its proper place of trial; Gen. Stat., ch. 66, § 38, but by § 42 of the same chapter, it is provided that "if the county designated for the place of trial in the complaint is not the proper county, the action may, notwithstanding, be tried therein, unless the defendant, before the time for answering expires, demands in writing that the trial be had in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court," etc. This provision of statute shows two things : *first*, that the district court of the designated county has jurisdiction in a case like this at bar, unless the written demand for a trial in the proper county is made before the time for answering expires, and unless the place of trial is thereupon changed as above provided, neither of which appears to have been done in this instance ; and, *second*, that the objection to the place of trial designated in the complaint is not to be taken by demurrer.

The other ground of demurrer urged here is that the complaint does not state facts constituting a cause of action. The first point made by defendant's counsel, in support of this ground of demurrer, is not stated with his usual perspicuity ; but we understand him to claim, *first*, that this is a case of "a unilateral contract, which must be strictly complied with in order to preserve any rights thereunder," and that, therefore, the failure of the obligee in the bond and of her assign, the plaintiff, to perform or attempt to

perform on their part until more than eleven years after the note was due, is fatal to plaintiff's prayer for a specific performance; and, *second*, that there is no mutuality in the contract in this case, and that, therefore, it ought not to be specifically enforced. The answer to these two claims, (which are perhaps substantially one,) is that this is not a unilateral contract. On the part of the defendant, there was an agreement to convey, evidenced by the bond; and on the part of the obligee, an agreement to pay the purchase price, evidenced by her notes; and for the same reason, the contract was mutual, that is to say, it was a contract which "might, at the time it was entered into, have been enforced by either of the parties against the other." Fry on Spec. Perf. §§ 286, 289. There was, therefore, both a mutuality of agreement and a mutuality of remedy. 3 Pars. Cont. 409, note *t*.

The second point urged in support of this ground of demurrer is that "even if the contract had been mutual, the laches in tendering a performance would have destroyed all claim for a specific performance; because, in this country, on the sale of lands, time is of the essence of the contract, and the plaintiff must show himself without default, and prompt to perform his contract."

"Time is not generally deemed in equity to be of the essence of the contract, unless the parties have expressly so treated it, or it necessarily follows from the nature and circumstances of the contract." 1 Story Eq. Jur. § 776. In this particular instance, the parties have not expressly contracted that time shall be essential, neither has either of them in any other way treated it as essential; nor, so far as we discern, is there anything in the nature and circumstances of this contract which distinguishes it from ordinary contracts for the conveyance of land, in respect to the nonessentiality of time. But even when time is not of the essence of a contract, still, "courts of equity have regard to time, so far as respects the good faith and diligence of the parties." 1 Story Eq. Jur. § 776. And this brings us to

the question, whether the plaintiff in this case is disentitled to a specific performance, on account of the failure of himself and his assignor (the original obligee), to make a tender of the unpaid residue of the purchase money, for more than eleven years after the same became due.

Ordinarily, and standing alone, this would be held to be inexcusable negligence, and fatal to the demand of a specific performance. But in our opinion, the plaintiff is entirely relieved from the charge of laches, by the facts and circumstances of this case. It appears that ever since the execution of the bond, until the tender on October 3, 1872, (which was the day before this action was commenced—on October 4, 1872,) the defendant has been a non-resident of this state, and has resided in North Carolina. In the absence of any showing to the contrary, at any rate, it is to be presumed that, so far as the mere right to commence an action to enforce specific performance is concerned, the plaintiff falls within the provisions of § 15, ch. 66, Gen. Stat., by which it is enacted that "if, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the time herein limited after his return to the state." No point is made against this position.

But aside from their effect upon the right to commence this action, the facts as to defendant's residence have an important bearing upon the matter of tender. The rule at common law was, that if no place was appointed for the payment of money, (as appears to be the fact in the case at bar,) if the person to whom the money was due was out of England, the debtor was not bound to go out of the realm to make him a tender. Bacon's Abr. Tender, C. So in *Allshouse* v. *Ramsay*, 6 Whart. 331, it is held that when a contract is made in one state of the Union for the payment of money, and no place of payment is designated, the debtor is not bound to go to another state to tender the money to the creditor. To the same effect, *Smith* v. *Smith*, 25 Wend. 405; s. c. 2 Hill, 351; 2 Gr. Ev. § 601, note 3; *Tasker* v. *Bartlett* 5 Cush. 359. Under the manifest good sense of

this rule, the plaintiff was under no obligation to make a tender to the defendant in North Carolina; and as, so far as appears in this case, there was no opportunity to make a tender in this state until defendant's return here, on October 3, 1872, when a tender was in fact made; the plaintiff, so far as the matter of tender is concerned, is not only cleared of any charge or presumption of laches, but he is affirmatively shown to have been, in the language of Judge Story, "ready, desirous, prompt, and eager to perform his contract," (1 Eq. Jur. § 776,) and therefore entitled to a specific performance by defendant.

To these things are to be added the further considerations, that the original obligee and the plaintiff (her assignee), have been in possession and occupation of the land ever since the execution of the bond—a fact of great importance upon the question whether the contract was to be deemed abandoned on account of lapse of time; (see *Miller* v. *Bear*, 3 Paige, 466; *Waters* v. *Travis*, 9 John. 450, 467; *Green* v. *Finin*, 35 Conn. 178;) that the plaintiff and his assignor have paid all taxes levied on the land since the bond was executed; that he and his assignor have been ever ready to make payment of the unpaid residue of the purchase money, and that he brings the same into court; and that the defendant himself has, so far as appears, acquiesced in the delay, remaining out of and at a great distance from this state, demanding no payment, tendering no deed, and giving no notice of his intention to terminate his contract. See *Leaird* v. *Smith*, 44 N. Y. 618. These facts make out a strong case for the plaintiff. They show him to have been not negligent, but diligent, and, in our opinion, abundantly entitled to the specific performance for which he prays.

The order overruling defendant's demurrer to the complaint is accordingly affirmed.