[No. 5,895.]

# O'NEIL v. O'NEIL.

PLACE OF TRIAL.—Under the provisions of Title IV, Part II, Code of Civil Procedure, in an action to determine rights to real estate against several parties, each defendant is entitled as a matter of right to have the action tried in the county in which the real estate is situated, and it is not necessary that all the defendants should join in claiming such right.

APPEAL from an order denying a motion for a change of the place of trial, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

The facts are stated in the opinion.

*George Cadwalader*, for Appellant.

*J. E. McElrath*, for Respondent.

Department No. 1, McKEE, J.:

The action in this case was commenced in the Nineteenth District Court of the City and County of San Francisco, against two defendants, for the purpose of having determined a right claimed by the plaintiff to certain real estate situated partly in Sacramento County and partly in Sutter County. The case is, therefore, one of the class of cases mentioned in § 392 of the Code of Civil Procedure. Service of summons was had upon one of the defendants, who appeared and answered the complaint. Ten months afterward, service was had upon the other defendant, who appeared, and moved for a change of place of trial of the action to Sacramento County. The Court denied the motion, upon the ground that it was necessary for all the defendants to join in the motion; and that is the question.

There are decisions of the Supreme Court of New York which sustain the ruling of the Court below; but those were rendered upon a particular statute, or rule of the courts, of that State. " By the practice of the court," says Chief Justice Bronson, " a motion to change the venue can only be made by all the defendants, unless a good reason is shown for their not joining

in the motion." ( *Welling* v. *Sweet*, 1 How. Pr. 156 ; *Sailly* v. *Hutton*, 6 Wend. 508 ; *Fickens* v. *Jones*, October Term, 1863, unreported.) If that rule were the law of such an application in this State, it would seem as if the application under consideration would fall within the exception of the rule ; for it was legally impossible for the defendant who made the application to join with him his codefendant, because the latter had, by answering, waived his right to a change of venue ; and, having waived it, he had no longer any interest in the matter.

But the subject of venue in this State is regulated by Title IV, Part II, of the Code of Civil Procedure. Under the provisions of that title, a defendant to such an action as the one under consideration is entitled, as a matter of right, to have the action tried in the county where the land is situated. There is nothing in the provisions which require all the defendants to join in claiming such a right. It is a right which belongs to each defendant; and although it is not a vested right—because the regulations upon the subject relate only to the remedy—yet it is one which every defendant can exercise for himself so long as the remedy exists, and until he loses it by his own voluntary act. Each defendant may waive it for himself, but the waiver of one cannot be used to prejudice or destroy the right of another.

When therefore in an action against two defendants, for determining a right to real estate situated in a different county or in different counties from that in which the action has been commenced, one of the defendants waives his right to a change of venue and the other does not, the latter is entitled, upon a proper showing, to a change to the proper county ; and it is the duty of the Court to grant his application ; for, transferring the action to the proper county for trial is only doing what the plaintiff herself should have done when she commenced the action.

Order reversed, and cause remanded.

Ross, J., and McKinstry, J., concurred.