TERRITORY OF DAKOTA *ex rel.* TRAVELERS' INS. CO., Plaintiff, *v.* THE JUDGE OF THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT, etc., Defendant.

**Mandamus—Venue in Foreclosure Proceedings.**

Section 92, C. C. Pro., requiring an action to foreclose a mortgage on real property to be brought in the county where the land is situated, is so qualified by section 95, providing that if the county named in the complaint be not the proper one, it may be tried therein, unless the defendant, before the time for answering expires, demands in writing that the trial be had in the proper county, that a district court, on default,

has jurisdiction to render a decree foreclosing a mortgage on land situated in another county and district from that in which the action was brought, and *mandamus* will issue requiring such court to take cognizance of the case, on its refusal to do so.

(Submitted May 10, 1887; decided May 26; opinion filed May 24. 1888.)

Original application for a writ of *mandamus.*

*Francis & Southard,* for plaintiff.

No brief on file.

No counsel for defendant.

McCONNELL, J. This is an application to this court for a writ of *mandamus,* made upon the usual notice, wherein it is sought to compel the defendant to take cognizance of a certain action brought in the district court in and for Cass county. The demand for relief by the plaintiff is for the foreclosure of real property situate in La Moure county, in the Sixth judicial district. The plaintiff applied to the judge of the court below, upon proper proofs of default by the defendant in the action, and of its right to recover, but judgment was denied, *pro forma,* upon the ground that the foreclosure proceedings were in the Sixth judicial district, and that the judge of the Third judicial district had no jurisdiction.

This motion brings up for our consideration the construction of section 92, Code Civil Procedure, which provides that an action for the foreclosure of a mortgage on real property must be brought in the county in which the land is situated. Section 95, however, provides: "If the county designated for that purpose in the complaint be not the proper county, the action may notwithstanding be tried therein, unless the defendant, before the time for answering expire, demand in writing that the trial be had in the proper county, and the place of trial be thereupon changed by consent of the parties, or by order of the court, as provided in this section." We think that the latter section is a qualification of the former, and that the court had jurisdiction; that the statute is merely directory with respect to the place of

trial; and that the defendant simply has a personal right to insist upon those actions which are denominated as "local" being tried in the county in which the subject-matter is situated, and which right the defendant to the action may waive, and in this case has waived, by his default. The statutes of New York, California, Minnesota, and Wisconsin are very similar, if not precisely similar, to ours. *Marsh* v. *Lowry*, 16 How. Pr. 42; *Lane* v. *Burdick*, 17 Wis. 97; *Hill* v. *Bradley*, 21 Minn. 15; *O'Neil* v. *O'Neil*, 54 Cal. 187. The motion is therefore allowed, and the writ will issue.

All the justices concurring.