JOHN McDonald, Appellant, v. The Second National Bank of Nashua, N. H., and C. W. Hoitt, Assignee of Mechanics Savings Bank, Nashua, N. H.

**Mortgage Foreclosure:** JURISDICTION: *Redemption.* Plaintiff's grantor conveyed to him certain land, subject to two mortgages. The first mortgage was foreclosed and the land sold to the mortgagees. The debt secured by the second mortgage was also secured by a mortgage on real estate in another county, on which the mortgagor resided, and made his home, and also by a mortgage on personal property. The assignee of such second mortgage, having subjected the mortgaged chattels to the debt, obtained a personal judgment against the mortgagor, in the county of his residence, and a decree directing a sale of all the mortgaged real estate, which was subsequently conveyed by the sheriff to an assignee of the certificate of sale, who thereupon redeemed from the sale under the first mortgage. Plaintiff, who was not a party to either action, though he had actual notice thereof and of such mortgages when he received his deed, sued to foreclose such deed as a mortgage, and to redeem from such prior mortgages, claiming that the court had acquired no jurisdiction to foreclose the second mortgage on the land in question, as it was situated in another county, and that, as the purchaser had made redemption from the first sale more than nine months after such sale, he had no remedy against such land. *Held,* that there was no equity in such claim. In this case it was proper and necessary to sell the land in the county of the suit, first, because of the homestead character of the lots in the other county, and by such sale to make the amount to come from the homestead, definite.

SEPARATE MORTGAGE: *Construction.* Separate mortgages on lands in different counties, executed at the same time, by and to the same parties, and to secure the same indebtedness, cannot be construed as constituting a single instrument, though a note and mortgage will be read together and construed, only with respect to debt, as parts of one contract.

SUIT ON NOTE AND FORECLOSURE. Under Code, section 3493, providing that an action to foreclose shall be brought in the county in which the property to be affected, or some part thereof, is situated,

and section 4288, providing that, if separate actions are brought in the same county on the note and on the mortgage, the plaintiff must elect which to prosecute, and that, "the other will be discontinued at his cost," a suit may be maintained in one county on the note, and, in a proper case, an action for the foreclosure of the mortgage to secure it in another.

MISJOINDER. Misjoinder of causes of action exists under Code, section 3493, providing that an action to foreclose a mortgage on real property shall be brought in the county in which the property to be affected or some part thereof is situated, where suit is brought to foreclose two mortgages on real property executed by and to the same parties at the same time and to secure the same debt and the property covered by one of the mortgages is not situated in the county where the venue is laid.

WAIVER: *Motion to transfer.* Where an action to foreclose several mortgages on real estate situated in different counties, was brought in one of such counties, all objections on the ground of such misjoinder of actions were waived by failure of the mortgagors to appear and move therein.

SAME. Under Code, section 3504, providing that, if an action is brought in the wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demands a change of venue, a decree of foreclosure was not invalid for want of jurisdiction where a portion of the mortgaged property was situated in a different county from that in which the action was brought, and such action was *in personam* as well as *in rem*, and the mortgagors entered no appearance therein, as their right to insist on a trial in the other county was waived by their default.

RIGHT OF POSSESSION: *Injunction.* One in possession of land under a deed effective only as a mortgage, and having a plain remedy at law, if entitled to protection, was not entitled to an injunction restraining the purchaser of such property at a sale on foreclosure of a prior mortgage, from interfering with such possession.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

FRIDAY, OCTOBER 21, 1898.

ACTION to foreclose a deed executed as a mortgage, and to redeem. From the decree entered, plaintiff appeals.—*Affirmed.*

*J. S. Lothrop* for appellant.

*Joy, Call & Joy* for appellees.

Ladd, J.—The plaintiff, only, appeals, and the decree, in so far as favorable to him, requires no consideration. *McWhirter v. Crawford,* 104 Iowa, 555. We shall assume, then, that Donald McDonald and wife, on the eighteenth day of January, 1893, conveyed the farm, of about one thousand four hundred acres, in Plymouth county, to the plaintiff, as security for the indebtedness then due him, and that his acts of possession were such as to put everyone on inquiry with reference to his interest therein. This farm was incumbered at that time by two mortgages,—one dated May 1, 1889, for sixteen thousand dollars, to Beyer & Co., and another dated October 18, 1890, for eighteen thousand dollars, to A. S. Garretson. At the same time, and to secure the same debt a mortgage was executed by the same parties to Garretson on certain lots situated in Sioux City, Woodbury county, and also a chattel mortgage on a large amount of personal property. Garretson assigned these three mortgages to the Second National Bank of Nashua, N. H. The mortgage to Beyer & Co. was foreclosed, and the land sold to the mortgagees at the sheriff's sale, December 16, 1893. The proceeds of the property covered by the chattel mortgage were applied on the debt secured. It will be observed that the mortgages securing the notes assigned by Garretson to the bank covered real estate in two counties,—one, lots in Woodbury county, where the mortgagors resided, and the other, land in Plymouth county. The bank began an action in Woodbury county on both mortgages, obtained personal judgment against Donald McDonald, and a decree directing the sale of all the property. Special execution was issued to the sheriff of Plymouth county, the land sold thereunder, and a sheriff's deed executed to C. W. Hoitt, assignee, who held the certificate of sale, October 30, 1894, and he redeemed from the sale to Beyer & Co., a few days later. The appellant asserts that the court sitting in Woodbury county acquired no jurisdiction to enter a decree foreclosing the mortgage on the Plymouth county land, and, as redemption from the sale to Beyer & Co. was made more than nine months after the sale, the bank or Hoitt

has no remedy against the land. The plaintiff was not made party to any of these actions, though he had actual notice of their pendency, and had both actual and constructive notice of the mortgages when he received the deed. It thus appears there is no equity in his claim, and that, if his contention is allowed, it must be because of the technical construction of the statute.

Section 3493 of the Code is as follows: "An action for the foreclosure of a mortgage of real property, or for the sale thereof under an incumbrance or charge, or to enforce a mechanic's lien thereon, shall be brought in the county in which the property to be affected, or some part thereof, is situated."

II. The appellee insists that the two mortgages should be construed as one instrument. As already mentioned, these were executed at the same time, by and to the same parties, and to secure the same indebtedness. These circumstances show them to have been a part of the same transaction, but not the same instrument. If security was taken in two mortgages instead of one, for convenience in recording, this confirms the thought that separate mortgages were intended. The note and mortgages will be read together and construed only with respect to the debt as parts of one contract. *Fetes v. O'Laughlin,* 62 Iowa, 532, and cases cited; *Kennion v. Kelsey,* 10 Iowa, 443; 1 Jones Mortgages, section 71. The fact that several mortgages may be considered in connection with the same note will not affect their identity as separate instruments. It is said that because the conditions of defeasance are identical (*i. e.* the payment of the debt) the case falls within the rule announced in *Lomax v. Smyth,* 50 Iowa, 232. This distinction is ignored; here the mortgages are complete within themselves, while there the deeds were executed conveying land in different counties, but the condition of defeasance with respect to all such land was contained in a single instrument. While a mortgage need not necessarily consist of one paper, to hold that such an instrument, complete in itself, without evidence to the con-

trary, is not a distinct mortgage, would be ignoring the technical as well as common meaning of the word.

III.    The words "shall be" in the section of the Code quoted were substituted for "may be" by chapter 126 of the Acts of the Twentieth General Assembly.  This section, before this amendment, was construed as permissive only.  *Insurance Co. v. Gleason,* 56 Iowa, 47; *Trust Co. v. Day,* 63 Iowa, 459.  And under a similar provision of the Code of 1851 it was held that an action might be maintained in the county where the defendant resided, though the land was situated elsewhere in the state.  *Finnigan v. Manchester,* 12 Iowa, 521; *Cole v. Conner,* 10 Iowa, 299.  Under section 2795 of the Revision, which provided that the action "must be brought in the county in which the subject of the action, or some part thereof is situated," the court, in *Chadbourne v. Gilman,* 29 Iowa, 181, had occasion to pass upon a motion to strike out of a petition so much as related to five separate mortgages on land outside of Dubuque county, where the suit was pending. It appeared that six mortgages covered land in six counties, and each secured a distinct portion of the debt; and it was held that, as the mortgage on the land in Dubuque county was not part of the subject of the action on the other mortgages, and because of a misjoinder of actions, the motion should have been sustained.  The difference between that case and the one at bar is apparent.  There a distinct portion of the debt was secured by each mortgage.  Here both mortgages secured the same debt.  We think this not very material, however, because foreclosure proceedings might have been maintained in Plymouth county after judgment was obtained in Woodbury.  *Banta v. Wood,* 32 Iowa, 469; *Brown v. Cascaden,* 43 Iowa, 103; *Morrison v. Morrison,* 38 Iowa, 73.  Indeed, there appears to be no good reason why appropriate actions might not have been maintained in both counties at the same time.  Section 4288 provides that "if separate actions are brought in the same county on the bond or note and on the mortgage given to secure it, the plaintiff must elect which to prosecute.  The other will be discontinued at his cost."  By fair implication, a suit may be

maintained on the note in one county, and, in a proper case, an action for the foreclosure of the mortgage in another. Difficulty in fixing the portion of the debt secured by each mortgage is obviated by the sale of the different parcels. In this case the lots constituted the homestead of Donald McDonald, and the security on the farm was necessarily first exhausted. Code, section 2976. The sale of the farm made definite the amount secured by the mortgage on the lots.

IV.  In bringing suit on both mortgages in Woodbury county, there was then a misjoinder of actions, and so much as related to that on the farm in Plymouth county might have been stricken on motion, under the ruling in *Chadbourne's Case.* Code, section 3547. But, by failing to appear, all objections on this ground were waived. Code, section 3548. Where the motion is made, however, the plaintiff may, on application, separate his actions, and file a petition for each. Code, section 3549.

V.  But the mere fact that an action is prosecuted in the wrong county does not deprive the court of jurisdiction. This happens when the action is purely *in rem,* and not *in personam* as well. *Orcutt v. Hanson,* 71 Iowa, 514. But if the action is personal, and also pertains to the *res,* and is brought in the wrong county, the only remedy is that provided by section 3504 of the Code, which is, in part: "If an action is brought in a wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demands a change of place of trial to the proper county." *Lyon v. Cloud,* 7 Iowa, 1; *Cole v. Conner,* 10 Iowa, 299; *Goldsmith v. Wilson,* 67 Iowa, 662. Thus jurisdiction is acquired of a non-resident in a county other than that wherein served with the original notice. *Marquardt v. Thompson,* 78 Iowa, 158. The only remedy in a replevin suit brought in the wrong county is that of the above statute. *Goldsmith v. Willson, supra.* Though the statute restricts the issuance of a writ of attachment to the county of defendant's residence, or where the written contract is made payable, the writ issued in another county is voidable only. *Payne v. Dicus,* 88 Iowa, 423. The action to foreclose a mortgage is not purely *in rem,*

but *in personam* as well. Originally it was regarded as transitory. In so far as local, it is so made by statute. The action, in seeking to cut off the equity of redemption of the mortgagors, and to obtain judgment for the debt, is personal; but that part of the procedure which is directed against the hypothecated property for the purpose of subjecting it to the payment of the debt is *in rem,* and may be said to be local. In other words, the action is dual in form, but partakes so much of a personal suit that the statute with reference to change of venue must be held applicable. This appears from *Cole v. Conner, supra,* where it is said: "It is believed, however, that the jurisdiction is local, and can obtain only in the county where the land lies, and where the object of the proceeding is only to sell and foreclose the equity of redemption. Still, in such an event, the suit should not be dismissed, but should be sent to the proper county, under section 1702 of the Code." *Chadbourne v. Gilman, supra,* does not announce a different rule; and it is supported by the reasoning in *Orcutt v. Hanson, supra.* Whether section 3504, relating to changes of venue when the action is brought in the wrong county, applies to purely local action, we shall not now determine. But see *Barnes v. Davis,* 2 Iowa, 160; *Decatur County v. Maxwell,* 26 Iowa, 398; *College of Physicians and Surgeons v. Guilbert,* 100 Iowa, 213. The statute conferred on the defendants the right to insist upon the foreclosure suit being tried in the county in which the subject-matter was situated, but this right was waived by their default. The conclusion we have reached finds support in the following authorities: *Lane v. Burdick,* 17 Wis. 95; *Gill v. Bradley,* 21 Minn. 15; *O'Neil v. O'Neil,* 54 Cal. 187; *Territory v. Judge,* 5 Dak. 275 (38 N. W. Rep. 439); *Tucker v. Lake,* — N. H. — (29 Atl. Rep. 406); *Fletcher v. Stowell,* 17 Colo. Sup. 94 (28 Pac. Rep. 326); *Chouteau v. Allen,* 70 Mo. 353. See, also, 9 Enc. Pl. & Prac. 256. The mortgagors, having been made parties defendant, had the undoubted right to have the cause of action relating to the land in Plymouth county stricken on motion because of misjoinder, and, in event of

filing a separate petition under section 3549 of the Code, might have had it transferred to the proper county. But by failing to appear or move they waived all objections to the place of bringing either cause of action, and the decree entered must be adjudged valid.

VI.   The plaintiff insists the court erred in dissolving the writ of injunction by which defendants were enjoined from interferring with his possession. But according to his own allegations the deed under which he claims must be construed as a mortgage. The possession of a mere mortgagee is not entitled to protection as against the owner of the fee obtained under a sale made in pursuance of the foreclosure of a prior mortgage. Besides, if entitled to possession, he has a plain remedy at law. The plaintiff will be permitted to make redemption on the terms fixed in the decree of the district court at any time prior to February 1, 1899.—AFFIRMED.