[No. 2383]

## JOHN CONNOLLY, RESPONDENT, *v.* JOHN SALS-BERRY AND KAWICH CATTLE COMPANY (A CORPORATION), APPELLANTS.

[183 Pac. 391]

1. VENUE—CHANGE—STATUTE.
    Rev. Laws, 5015, relating to change of venue, is mandatory, and a proper application for a change must be granted.

2. VENUE—CHANGE—TIME.
    Under Rev. Laws, 5015, providing for change of venue upon application made before the time for answering has expired, a stipulation made by attorneys, pursuant to district court rule No. 27, extending defendants' time to answer, did not extend the time to apply for a change of venue.

3. VENUE—STIPULATION—CONSTRUCTION—"MOVE."
    A stipulation extending defendants' time to appear, demur, answer, or "move" did not extend the time to move for a change of venue as a matter of right.

4. VENUE—CHANGE—STATUTE.
    Rev. Laws, 5015, subd. 1, authorizing court on motion to change place of trial in certain cases, does not authorize court to change the venue at any time before trial, in a case where defendant has filed no seasonable written application.

APPEAL from Seventh Judicial District Court, Esmeralda County; *J. Emmett Walsh,* Judge.

Action by John Connolly against John Salsberry and the Kawich Cattle Company. From an order denying change of venue, defendants appeal. Affirmed.

*Hugh H. Brown,* for Appellants:

The lower court was in error in refusing to remove the case to the county where the partnership realty was situated, and where both defendants resided at the commencement of the action. Rev. Laws, 5011, 5014, 5015; Falls Co. v. Brower, 11 S. E. 313.

The time to file demand for change of venue was enlarged by the stipulation extending the time to answer. The statute should be liberally construed. Change of venue is a common-law right. 4 Ency. Pl. & Pr. 375. The right is now generally regulated by statute. Such statutes are ordinarily construed liberally. Bush v. Eureka, 97 Cal. 135; State v. Spokane, 82 Pac. 875; 4

Ency. Pl. & Pr. 389.. An extension of time to answer does not waive the right to demand change of venue. Donisthorpe v. Lutz, 136 N. W. 233.

Stiplation was authorized, made and filed pursuant to court rule (Rule 27, Sup. Ct.), which is of the same dignity as the statute itself. "Time to answer," as fixed by the stipulation, is in legal effect the same as if fixed by statute. Haley v. Bank, 20 Nev. 410.

The statute does not prescribe any fixed period for filing a motion for change of venue. It may be filed at any time, provided the moving party is not guilty of unreasonable delay. Clark v. Campbell, 54 How. Prac. 166; Palmer v. Schwarzemback, 136 N. Y. Supp. 85; Barkley v. Supreme Lodge, 167 Pac. 701; Allen v. Riley, 15 Nev. 452.

*Hoyt, Gibbons, French & Henley,* for Respondent:

The action does not involve the determination of a right or interest in real property. In a suit to dissolve a partnership, the venue is determined by the residence of the parties, and not by the locality of the firm assets, even when such assets include real estate; and hence the initial proceedings for the dissolution of a partnership and appointment of a receiver should be had in the place of the partners' domicile. Williams v. Williams, 145 N. Y. Supp. 564; Cox v. Manning, 79 S. E. 484; Goodfrey v. White, 5 N. W. 243; Clark v. Brown, 23 Pac. 299.

The time to file a demand for change of venue was not enlarged by the stipulation extending the time to answer. The language of the statute is peremptory. Rev. Laws, 5015; Clarke v. Lyon County, 8 Nev. 181; Wadleigh v. Phelps, 82 Pac. 200; State v. District Court, 97 N. W. 112; Peter v. Carlson, 149 N. W. 536; Irwin v. Taubman, 128 N. W. 617.

By the Court, DUCKER, J.:

This is an appeal from an order of the district court in and for the county of Esmeralda, denying appellants' demand and motion for a change of venue. The action

is for a dissolution of partnership and an accounting, and the complaint was filed in the district court of said county on July 16, 1918. On the same day the complaint and summons was served on the defendants in the county, and on July 26, 1918, the following stipulation, signed by the respective attorneys, was filed:

"It is hereby stipulated, by and between the parties hereto, that the defendants shall have, and are hereby given, to and including Wednesday, July 31, 1918, in which to appear, demur, answer, or move in the above-entitled cause."

On July 31, 1918, the defendants served and filed a demand and a motion for a change of venue to Nye County, Nevada, supported by an affidavit of the defendant John Salsberry. The change of venue was sought upon the ground that the action seeks the recovery of an interest in real property located entirely in Nye County, and that at the time the action was commenced both of the defendants resided in Nye County. The application was made under that part of the provisions of section 5015 of the Revised Laws of Nevada which reads as follows:

"If the county designated for that purpose in the complaint be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant, before the time for answering expires, demands in writing that the trial be had in the proper county, and the place of trial be thereupon changed by consent of the parties, or by order of the court, as provided in this section. The court may, on motion, change the place of trial in the following cases:

"1. When the county designated in the complaint is not the proper county."

Section 5011 of the Revised Laws provides:

"Actions for the following causes shall be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this act:

"1. For the recovery of real property, or an estate, or

interest therein, or for the determination in any form of such right or interest, and for injuries to real property."

Section 5014 provides, in part:

"In all other cases [cases designated in preceding sections] the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action."

1. When the facts are shown to exist as to the locus of the real of the real estate and the purpose of the action, or the residence of the defendant as designated in either of the two preceding sections, and the demand for a change of venue to the proper county is seasonably and properly made in accordance with section 5015, the court in which the action is commenced is compelled to grant the application. The statute is peremptory. Williams v. Keller, 6 Nev. 144; Clarke v. Lyon County, 8 Nev. 181.

We need not examine that phase of the case wherein the contention lies that Nye County is the proper county for trial by reason of the situation of the real estate claimed to be involved in the action, for it appears by the affidavit of the defendant Salsberry, made in support of the demand and motion, which is uncontradicted, that the residence of the defendants was in that county when the action was commenced. This, under the statute, is sufficient ground for the application for a change of the place of trial.

In ruling on the application the trial court held that the time given defendants by stipulation to appear, demur, answer, or move did not extend their time to demand or move for a change of venue, and that the same was not filed within the statutory time fixed by said section 5015. The ruling and order of court are assigned as error by the appellant, and he contends:

(1) That the time to file a demand for a change of venue was enlarged by the stipulation extending the time to answer.

(2) That the statute does not prescribe any fixed

period for filing a motion for a change of venue, and it may be filed at any time, provided the moving party is not guilty of unreasonable delay.

(3) That if the statute does prescribe a fixed period for filing a motion for a change of venue, then the time to file the motion was enlarged by the stipulation extending the time to move.

2. The statute, by the term "before the time for answering expires," fixed a definite time in which the defendants could make a demand for a change of the place of trial, and that time, by reason of the service of summons upon them in the county in which the action was commenced, was within ten days from such service. No other construction can be placed upon the language used. The written stipulation, made by the attorneys under the authority of rule 27 of the district court rules, extended the time for defendants to answer the complaint, to and including July 31, 1918, but did not, in this regard, likewise change the time for them to make a demand for a change of venue.

Counsel for appellants contends that the statute fixing the time for a demand for a change and the stipulation must be read together, and, when we so read, the legal effect is to extend the time for making a demand as well as the time to answer, and relies largely for the force of this contention upon the rule adopted by a majority of the federal courts in cases of removal of causes pending in the state courts. The federal statute (Act Aug. 13, 1888, c. 866, sec. 3, 25 Stat. 435) provides that, whenever any party is entitled to remove any suit "from a state court to the Circuit Court of the United States, he may make and file a petition in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." That a stipulation extending the time to answer extends the time for removal, is held by a majority of the federal courts, but there is ample and well-reasoned authority

to the contrary in those courts. See Velie v. Manufacturers' Accident Indemnity Co. of the United States (C. C.) 40 Fed. 545; Foster on Fed. Prac. (5th ed.) p. 1817.

There is no diversity of opinion among the state courts which have had occasion to pass upon the effect of a stipulation extending time to answer. They hold that it does not extend the time to make a demand for a change of venue. In Peterson v. Carlson, 127 Minn. 324, 149 N. W. 536, the court, in passing on the question, said:

"It is contended that the stipulation extending the time for answering ipso facto extended also the time for making a demand for a change of venue. We cannot so hold. There is simply no connection between the making of an answer and the making of a demand for a change of venue, and a stipulation extending the time for one could not by any permissible construction extend the time for the other."

In the case of Irwin v. Taubman, 26 S. D. 450, 128 N. W. 617, the court, in construing a statute the same as the one under consideration in connection with a written stipulation for extension of time to answer, held that it did not extend the time within which the defendant could demand a change of venue. The court said:

"In our opinion the legislature did not intend, by the use of the term 'before the time for answering expires,' to include such time as might be stipulated by the parties for answering. * * * To give the language of the statute the construction contended for by the appellant leaves it too vague and uncertain as to the time when the application should be made. We cannot presume that this change in the phraseology, made in 1909, was not intentional and not for a purpose. The reason that may have suggested itself to the legislature for this change, substituting the words 'before the time for answering expires' for the words 'before answer,' was to limit the time definitely, in order that no misunderstanding might arise as to when the motion for the

change should be made, in analogy to the ruling in the federal courts."

In the Iowa case (Donisthorpe v. Lutz, 155 Iowa, 379, 136 N. W. 233), cited by appellants, the statute fixing the time for a motion for a change of venue is entirely different from the Nevada statute, and prescribes that the defendant shall file his motion for a change before any pleading is filed by him.

To consider the statute and rule 27 of the district court with the stipulation made by its authority in pari materia, as appellant does, would cause the statute in effect to read "before the time for answering expires or within which it may be extended," a meaning inconsistent with its plain and positive terms. The rules adopted by the supreme court for its own government and the government of the district court have the force and effect of statutory provision, as declared by this court, but they cannot be "inconsistent with the constitution or laws of the state." If found so, they must give way to the constitution or laws, as the case may be. The statute simply measures the time within which the demand may be made by a certain standard, for the purpose of requiring the application to be made at an early and definite period of the proceedings, to the ultimate end that the parties may, with reasonable certainty, be speedily informed of the place of trial. This salutary purpose ought not to be frustrated by any constrained construction of the statute or of rules and stipulations.

3. It is urged that, if the words "to answer" in the stipulation had not the effect to extend the time for the demand, that part stipulating time to move did; but we do not so view it. If the term "move" can be construed to include more than ordinary motions to pleadings and the like, and to extend to motions for change of venue, generally regarded as dilatory motions, it certainly cannot be held to include a demand for a change of venue as a matter of right. We are of the opinion that the term was intended to include neither a motion nor demand for a change of venue, and that the defendants, failing to,

make a demand for a change within the time prescribed by statute, waived their right to do so.

We are asked by counsel for appellant to apply the principle of estoppel. If respondent's counsel had entered into a written stipulation in terms giving appellant an extension of time in which to make a demand for a change, this contention would receive consideration; but, as no such stipulation is before us, the question of estoppel is not involved.

4. Can a motion for a change of venue, on the ground that the county in which the action is commenced is not the proper county, be made effectively at any time, and without making a seasonable written demand, if there has been no unreasonable delay? It seems that this question has been decided adversely to appellant's contention by this court in Elam v. Griffin, 19 Nev. 442, 14 Pac. 582. The court said:

"The defendants are residents of Eureka County, and are sued in an action of debt in the district court of Lincoln County. Upon their motion, the place of trial of the action was changed to the county of their residence, but no demand in writing therefor was made, as contemplated by section 3043, Gen. Stats. The object of the demand is to allow the plaintiff an opportunity of voluntarily correcting his error by amendment, stipulation, or otherwise, without the expense and delay of a motion. [Citation.] By omitting to make the demand, respondents waived the right to have the case heard in Eureka County and the action became triable in Lincoln County. [Citations.] Order reversed and cause remanded."

Section 3043 of the General Statutes, referred to in the opinion, has been reenacted in identical language in section 5015 of the Revised Laws. No demand in writing was made in Elam v. Griffin, supra, but there can be no difference in effect between a failure to make the demand and the failure to make it within the time prescribed by law, as in the present case.

It is obvious that the legislature intended to require a

written demand as a prerequisite to a motion for a change of venue, upon the ground that the action is not commenced in the proper county. We must construe the statute so as to give effect, if possible, to all of its parts; and to allow another construction would nullify the provision requiring a demand, and attribute to the legislature the performance of an idle ceremony in enacting it.

The right of a defendant to have a cause tried in the county of his residence is an absolute right, which he may exercise within a given time. A defendant is at once informed by the service of summons whether the county in which the action is instituted is the county of his residence, and it is the policy of the law to require him to make his election within the definite time prescribed, and in default thereof the right to a change of venue on this ground is waived.

If he were permitted by motion, under subdivision 1 of the section, to exercise this statutory privilege at any time before the trial of the cause, a demand in writing would serve no purpose whatever. Subdivision 1 is designed only to enable a defendant to obtain an order of the court removing the action after a proper and seasonable demand has been made. Bohn v. Bohn, 164 Cal. 532, 129 Pac. 981.

The New York authorities cited by appellant, construing a statute somewhat similar, hold generally that the demand may be dispensed with in a proper case; but we are not inclined to this view, both from our construction of the statute and the former decision of this court. In the case of Barclay v. Supreme Lodge, 34 Cal. App. 426, 167 Pac. 701, also cited, the application was granted solely upon the conveniences of witnesses. It is therefore not in point.

The order of the district court is affirmed.